LAND, J., takes no part, not having heard the argument.

———

(45 South. 267.)

No. 16,816.

STATE v. ANDERSON.

(Dec. 16, 1907.)

1. CRIMINAL LAW—EVIDENCE—OTHER CRIMES.
  An offense, other than that for which the accused is being tried, may be proved as part of the res gestæ, or as tending to establish the offense charged.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 807, 822–824.]

2. WITNESSES—IMPEACHMENT.
  When a state witness, called in rebuttal, contradicts, upon a material point, the testimony given by the accused in his own behalf, the accused, if he has laid the foundation, ought to be allowed to introduce evidence to impeach the witness.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, § 1174.]

3. CRIMINAL LAW—INSTRUCTIONS.
  The court is under no obligation to give instructions that are inapplicable with respect to the evidence adduced.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1980, 1981.]

4. SAME—EXCEPTIONS TO CHARGE.
  An exception to an entire charge, without specifying any particular error, is not well founded.
  [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 2025.]

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Whitmell Pugh Martin, Judge.

George Anderson was convicted of willfully shooting prosecuting witness, and appeals. Reversed and remanded.

Beattie & Beattie, for appellant. Walter Guion, Atty. Gen., and Henry Magnus Bourg, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement of the Case.

MONROE, J. Defendant, having been convicted of assaulting one Caroline Pierre by feloniously and willfully shooting at her with a dangerous weapon, to wit, a pistol, and duly sentenced, presents his case to this court by means of bills of exception (1) to the overruling of his objection to testimony tending, as he alleges, to show another offense; (2) to the refusal of the court to permit the accused to offer evidence to contradict and impeach a state witness called in rebuttal; (3) to the failure of the judge to charge "that the jury might find the accused guilty of assault if the facts and the law justify the same"; (4, 5) to the refusal of the court to grant a new trial.

## Opinion.

1. The prosecutrix was allowed to testify, over the objection of the accused, in regard to his having broken open the front door of her house "just prior to the shooting and within three or four minutes of the shooting," which took place at the rear of the house.

The statement per curiam is that the occurrence referred to was part of the res gestæ, and we are not in a position to say that it was not; and whether it was or not, the evidence, as tending to establish the offense charged, was admissible. Knobloch's Crim. Dig. p. 173.

2. Accused testified that he visited the house of the prosecutrix on the night of the alleged offense upon the invitation of Rachael Pierre, one of her daughters, who admitted him. The daughter was called in rebuttal, and denied the truth of the testimony so given, whereupon accused produced a letter, purporting to have been written to him by her, whilst he was in prison, saying, inter alia: ·

"The only thing could do you any good if I would tell I let you in the house that night I am afraid to. They were rong for ever saying anything to you that night"

—and asked her whether she had written it, to which she replied in the negative. Accused then, after the state had closed, asked leave to prove that the letter had been sent to him by the witness, and to prove the handwriting by experts and comparison, which request was refused, and the bill was reserved.

The statement per curiam included in the bill is, in part, as follows:

"While the offering of the evidence by the accused, in rebuttal of the state's rebuttal, is a matter left to the sound discretion of the court, the court would nevertheless have admitted the evidence had it not become convinced by comparison of handwriting that the letter was written by the accused himself."

· In assigning his reasons for refusing the new trial, however, the judge says:

"While the evidence adduced on the motion for new trial has changed the opinion of the court that the letter sought to be introduced in evidence was in the handwriting of the accused, instead of the witness Rachael Pierre, the court nevertheless feels constrained to refuse the motion for the following reasons: [The reasons given being (1) that the letter was in the possession of the accused before the trial and should have been offered before; (2) that the letter came into possession of counsel for the accused before the state had offered any evidence in rebuttal, and should have been offered before; (3) that there was no offer to put the accused back on the stand to prove that he had received the letter; (4) that the witness whose testimony was sought to be impeached was not a witness to the offense, but merely testified, as did other witnesses, to the attempt of the accused to break into the house, and to what was said before and after the shooting; (5) that there was ample evidence to warrant the verdict other than that of Rachael Pierre]."

It seems probable that, if the accused had relied upon the letter in question to prove that he had been admitted into the house of the prosecutrix, he would have offered it as part of his defense. Upon the other hand, if the writer, in saying "the only thing would do you any good if I would tell I let you in that night I am afraid to," was merely answering a request for assistance or making a suggestion as to the possibility of what might be done if she were not afraid to swear to an untruth, it can readily be understood why the letter was not offered. The principal use, however, which the accused finally desired to make of the letter was to impeach the witness by showing that she testified falsely when she said that she had not written it, and the serious question presented in the bill is whether the trial judge erred in refusing to admit testimony for that purpose. We are of opinion that this question should be answered in the affirmative. As was said in a case decided a few years ago:

"A defendant is entitled at some period of the trial to discredit all witnesses brought against him." State v. Spencer, 45 La. Ann. 10, 12 South. 135. ·

In the instant case it was shown to the satisfaction of the judge a quo, upon the hearing of the motion for new trial, and is

conceded, that the witness testified falsely in saying that she had not written and sent the letter in question, and the fact was material because she had just given her testimony in rebuttal contradicting the testimony given by the accused in his own behalf, and it was important to the accused that the jury should know that a part, at least, of that testimony was false.

3. This bill states that counsel for the accused reserved a bill to the entire charge, and that he now specially urges that the judge did not instruct the jury that they might find accused "guilty of assault." The judge says that no special instructions were asked, and that there was no evidence upon which a verdict of "guilty of assault" otherwise than "by shooting at" or with "a dangerous weapon" could have been found.

The bill is without merit. The court was under no obligation to give instructions that were inapplicable with respect to the evidence adduced. Knobloch's Dig. p. 94; State v. Powell, 109 La. 733, 33 South. 748; State v. Matthews, 111 La. 966, 36 South. 48. An exception to an entire charge, without specifying any particular error, is not well founded. Knobloch's Dig. p. 100.

Bills 4 and 5 present nothing requiring consideration.

For the reasons thus assigned, it is ordered, adjudged, and decreed that the verdict and judgment appealed from be annulled, avoided, and reversed, and that the case be remanded to the district court, to be there proceeded with according to law.