(46 South. 357.)

No. 17,040.

## STATE v. ANDERSON.

(April 27, 1908.)

1. ASSAULT — WILLFULLY SHOOTING AT ANOTHER—INSTRUCTIONS—EVIDENCE — INTENT —SPECIAL INSTRUCTION.

The statement of the trial judge in his special charge, instructing the jury that the marksmanship of the defendant, whether skillful or bad, was not pertinent, was not good ground to set aside the verdict, so long as the shooting was intentional and was within range.

The court instructed the jury that it must appear, in order to convict, that the shooting was done willfully, deliberately, intentionally, with a bad purpose.

It was for the jury to determine, after having received proper instructions regarding the law of the case, whether the facts showed that under ordinary circumstances the ball in the pistol would never have reached the person alleged as the person shot at.

The instruction regarding required "intent" was fully given, and left the defendant without good ground to complain of the remark relating to marksmanship.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assault and Battery, §§ 82, 141, 147.]

2. CRIMINAL LAW—INSTRUCTIONS—FLIGHT OF DEFENDANT.

According to the court's statement, made part of the bill of exceptions, the flight of the defendant was an issue of the case. Taking the statement as correct, the instruction given was unobjectionable.

Even if it be as stated in part of the bill, with which the court did not agree, the defendant had no ground upon which to stand.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1980–1985.]

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Lafourche; Whitmel Pugh Martin, Judge.

George Anderson was convicted of willfully shooting at another, and appeals. Affirmed.

Beattie & Beattie, for appellant. Walter Guion, Atty. Gen., and Henry Magnus Bourg, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. The accused was twice placed on his trial in the district court for assaulting Caroline Pierre by "willfully shooting at her."

The indictment was found against him on the ground that in thus shooting he had fallen within the terms of section 792 of the Revised Statutes.

In the first case, in which he was found guilty by a jury, he appealed to this court from a verdict of guilty and a sentence condemning him to serve 15 years in the penitentiary.

On appeal the verdict and sentence were annulled, and he was granted a new trial. See 45 South. 267, 120 La. 331.

The case was remanded. He was again tried before a jury, and a verdict of guilty was found, and again he was sentenced by the trial judge to serve 15 years in the state penitentiary.

He again appealed, and his grounds of complaint on the present appeal are detailed in four bills of exceptions.

We take them up for decision in the order in which they are presented in the record.

In the first bill of exceptions, it is stated that the court was requested by learned counsel representing the defendant to charge the jury as follows:

When facts show under ordinary circumstances that the ball in the pistol could never have reached the person alleged to be shot at, then the offense charged could not have been committed.

This is followed by the statement on the part of the prosecution that the charge was pertinent to the issue because the person shot at was standing, according to her own statement, about six or seven feet from the person who is alleged to have done the shooting, and she, too, testified that the ball entered the gutter or trough on the roof of the house some feet above her head.

The complaint of defendant is that, while the instruction was given with the court's explanation that the shooting had to be done intentionally and within shooting distance or range, the court erred by adding the statement that the marksmanship of the accused did not enter into the case, so long as the shooting was intentional and within range.

We are decidedly of the opinion the issue raised by the requested instruction rendered the special explanation pertinent, and that the added words of the instruction to the jury as to the marksmanship of the accused had naught to do with the guilt or innocence of the accused.

The instruction included all that constitutes an assault by willfully shooting at. Ex-

pert or poor marksmanship formed no part of the case. We infer that it was not a feature of the case. It was, in consequence, not prejudicial to the accused to state that marksmanship did not enter into the cause.

The next ground of objections, presented in the bill of exceptions No. 2, is equally as untenable, as it presents a very similar issue. If anything, the ruling on the point urged in the second bill of exceptions confirms the correctness of the first ruling, for it in effect relates to proof of intent fully made out, despite awkward, indifferent, or poor marksmanship.

The court stated the facts of the case at some length. They sustain the court's ruling.

The next bill of exceptions, No. 3, relates to the asserted flight of the accused after the occurrence for which he was indicted.

The court states, as shown by narrative made part of the bill of exceptions:

"No part of the charge was excepted to, except that in regard to flight, and no special charge on this point was requested."

We are informed by the court's per curiam: The evidence showed that the crime was committed at 1:30 a. m., and that the accused could not be found in the parish the morning of the shooting; that he was arrested three weeks later in the parish of St. Mary; that the accused himself testified that he generally worked for railroads, but did not state that he had been working in the neighboring parish previous to the commission of the crime.

It does not appear in what respect the charge was misleading and illegal in having instructed the jury that evidence of flight immediately after the act is admissible to be considered, in connection with other facts, in determining probabilities of guilt or innocence.

The courts and the text authors all agree that evidence of flight immediately after the act is admissible; that it is to be considered, and to have effect according to the circumstances under which it takes place. 3 Rice on Criminal Evidence, p. 29.

That being the rule, it does not appear that the charge was erroneous.

This brings us to the fourth and last bill of exceptions.

The deputy sheriff who made the arrest was examined by the prosecuting officer in regard to the asserted flight.

That was permissible, particularly as the court states that the evidence showed that the accused disappeared immediately after the shooting, and could not be found until three weeks later, when he was arrested in another parish, about 30 miles from the place of the alleged offense.

The objection of the defense, as stated in the bill of exceptions, was that the testimony did not go to prove flight, and that it only tended to prejudice the case of the accused in the minds of the jury.

The court further adds that the only objection made to the admissibility of this evidence was that flight could not be shown, unless it was alleged in the indictment. The court states that no objection was made to the evidence as not tending to prove flight.

This statement is accepted under the rule, laid down in repeated decisions, that the court's statement prevails in this connection; that is, when there is disagreement between court and counsel.

There is some difference between the court and the parties to the defense regarding this testimony—not considerable and of no great importance, in view of the fact that, even if it be as stated by learned counsel for defendant, it would not present a cause for reversal. The only question was the flight vel non, and the testimony was admitted to prove flight. The question of the sufficiency of the testimony went to the jury. It was pertinent and had some bearing.

All the issues have been considered.

On this appeal this court has not found legal grounds sufficient to set aside the verdict and sentence.

For reasons stated, the verdict and the sentence are affirmed.