No. 6911.

THE STATE VS. ALFRED FORD.

It is so absolutely necessary to the validity of criminal proceedings and the verdict found thereon that a plea on his behalf should be filed to the indictment found against the accused, that the failure to file such a plea will vitiate the proceedings, and justify the setting aside of the verdict.

The presence of the accused, at the time the verdict against him for a felonious offense is received, is essential to the validity of the verdict.

Under an indictment for one offense a legal conviction can only be had for another offense of less magnitude, when the latter offense is of the same nature, or kind, as the one charged. Thus, under an indictment for burglary, a verdict convicting the accused of petit larceny is invalid.

| 30 | 311 |
| 48 | 1025 |
| 48 | 1069 |
| 49 | 376 |
| 49 | 1338 |
| 30 | 311 |
| 106 | 698 |
| 107 | 522 |
| 30 | 311 |
| 113 | 881 |

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie*, J.

*H. N. Ogden*, Attorney General, for the State.

*Thos. L. Winder* for defendant.

The opinion of the court was delivered by

MANNING, C. J. The defendant was indicted for burglary—for burglary and grand larceny as he alleges—was convicted of petty larceny—and was sentenced to two years' confinement in the Penitentiary, and appeals from that judgment.

The assignment of errors in this court states two grounds for setting aside the verdict. The first is, that no plea was ever entered by the accused, and the second, that he was not in court from the time of his arraignment until he was sentenced, and therefore was not present during the trial.

The record informs us that the accused appeared at the bar, and was arraigned, and through counsel asked permission of the court to withhold plea, which was granted. The trial was on Oct. 6, if the transcript of appeal be correct, when the jury was empanelled, the case tried, and the verdict rendered. On the 18th., " the accused per counsel appeared in court, and after leave, filed a motion for a new trial." We do not find among the grounds then set forth, that the accused was not present at the trial, nor is there any explanation of the cause of this extraordinary departure from the well-settled rules governing criminal procedure. The counsel for the prisoner does not appear to have demanded his presence, and to have been refused by the judge, nor does the judge appear to have ordered that he be produced in court.

It is so essential that a plea should be made to the indictment that its absence, of itself, vitiates the trial. It can not be dispensed with by request of the prisoner. It can not be omitted even if he refuses to make it. Our law provides that if he stands mute, and will not answer to the indictment, the plea of not guilty shall be entered for him. Rev. Stats. 1870 sec. 996.

The absence of the prisoner during the whole of the trial, and particularly his absence at the rendition of the verdict is more than an irregularity. It is fatal to the legality of the trial. It is of universal requirement that a person who is tried for a felony must be present when the verdict is received. People v. Perkins, 1. Wend. 91.

The mode of conducting the formal parts of a judicial public prosecution for crime has been greatly changed, more because of an unwise contempt of ancient forms than through alterations of the law. Where these changes have been ordained of law, observance of them is of necessity. But a loose practice has latterly prevailed of omitting all those formalities which, until very modern times, were thought becoming in a court to observe when about to proceed in an inquisition, the effect of which may be the deprivation of the life or liberty of the party accused. The solemnity of an arraignment after the ancient mode has its uses. The propriety of requiring the accused to deliver his plea *ore tenus*, with uplifted hand, is demonstrated by its omission in this case. Evidently it was forgotten that he had not pleaded, and it would not have been forgotten, had the time honoured ceremony been duly gone through with in all its parts. Curiously enough, the only part of the ancient ritual, which in actual practice is retained, is the

State vs. Ford.

question, 'how will you be tried,' which, since the abolition of all the common law methods of trial but that of jury, has lost its significance.

The prisoner moved in arrest of judgment, that it could not be rendered against him on a conviction of petty larceny under this indictment, because he had not been prosecuted for that offence, and the verdict is not responsive to the charge as-laid in the indictment.

The indictment contains but one count, and it is well settled that only one substantive charge can be laid in each count. Thus it has been held, where an indictment, containing one count, charges the defendant with rude behavior in a meeting-house, and with disturbing public worship, these two distinct offences, joined in the same count, was fatal to the indictment. Commonwealth v. Symond, 2 Mass. 163. Two distinct offences, requiring different punishments, can not be charged in the same count. Such an indictment is defective for duplicity, and a conviction upon it will be reversed for error. Reed v. the People 1. Parker's Crim. Rep. 481. Burglary and grand larceny therefore can not be included in the same count, but this indictment charges but one offence. Of course it is no objection to an indictment that two or more offences, upon which the same or a similar judgment may be given, are contained in different counts.

Where one has been indicted for an offence, he may be convicted of one of less magnitude, provided the offences be of the same nature or class; for example, upon an indictment for murder, the prisoner may be convicted of manslaughter—upon an indictment for an assault with a dangerous weapon, or with intent to kill, there may be a conviction for an assault. The reason is, that these offences belong to the same class —the same kind of evidence is applicable to the one as to the other. They differ in degree, and not in kind. If the evidence is insufficient to warrant a conviction for the offence of greater magnitude, it may support a conviction for that of lesser magnitude, and judgment upon such a verdict has long been allowed under the modern criminal law.

The offence of burglary is quite distinct from that of larceny. They belong to different families of crime, and it would be an enlargement of the rule, not warranted by authority or precedent, to hold good a conviction for one of them upon an indictment for the other. The test is that the two offences—the one charged in the indictment, and the other contained in the verdict—must be of the same generic class, where the indictment for the greater contains all the necessary substantive allegations necessary to let in proof of the lesser, so that if the proof fails to establish all the allegations of the indictment sufficiently to warrant a conviction for the offence therein described, but at the same time shews that the accused is guilty of a substantial offence, necessarily contained in the terms of the indictment, the jury may convict of the minor offence.

The judge who tried the cause was of opinion that the conviction for petty larceny under this indictment for burglary was not good, but as the State had no appeal, conceived it to be his duty to reject the motion in arrest of judgment, and grant the appeal to the prisoner.

There has been no lawful trial of the accused.   Therefore

It is ordered, adjudged, and decreed that the verdict of the jury be set aside, and the judgment rendered thereon be annulled and reversed, and that this cause be remanded to the lower court for a new trial of the prisoner, who is ordered to be held in custody to await the same.