PROVO STY, J.
The defendants, two in number, were indicted on two counts, one for the burglary of a warehouse and the other for larceny. The indictment was returned on the 2d day of March, 1908. The minutes of the court for the 28th of the same month show the following:
“The defendants Bud Crane, Henry Duke, and Tom Lyle having been brought into open court by the sheriff, and bill of indictment being read to them, each pleaded guilty to charge of larceny contained in the bill, which plea was accepted by the district attorney. They were sentenced by the court as follows: Henry Duke was sentenced to imprisonment in the parish jail for and during the period of 12 months; defendants Bud Crane and Tom Lyle were each sentenced to hard labor in the State Penitentiary for and during the period of two years, and all three defendants to pay costs of prosecution. See decree. Judgment read, signed, and filed. On motion of district attorney, a nolle pros was entered as to defendant Ferguson.”
On the next day the defendants filed the following motion:
“Now into court through their undersigned counsel come Bud Crane and Thomas Lyle made defendants herein and moves and prays the court to be permitted to withdraw the plea of guilty entered herein on yesterday for the following, to wit:
“(1) That defendants were not permitted to consult counsel, either retained by them or by the state, and therefore did not know the nature of the crime to which they were pleading guilty, but merely in so thinking perhaps it would shorten their incarceration in the parish prison.
“(2) That at the time the plea of guilty was entered by these defendants your honor stated to the said defendants he would be as lenient as the nature of the case would permit, and it was with this promise or statement of your honor in view that caused your movers to enter a plea of guilty.
“(3) Movers further show that the sentence herein imposed is far in excess to those usually imposed for similar offenses, and that the said Duke who was indicted with your defendants, and also pleaded guilty at the same time with them, was the party who tried to persuade your movers into committing said crime.
“Wherefore, movers pray that this motion be filed and sustained, and that they be permitted to withdraw the plea of guilty and be tried at the regular jury term of your honorable court when they can be represented by counsel. Prays for general and equitable relief.
“Crow & Crow, Attys. for Movers.
“Before me, the undersigned legal authority, personally came and appeared Bud Crane and Thomas Lyle, who being with me first duly sworn, deposes and says that they have read the above and foregoing motion and that the allegations therein contained are true and correct.
“S. P. Crane.
“T. L. Lyle.
“Sworn to and subscribed before me May 29, 1908. Edw. Everett, C. D. C.”
*1042 This motion was tried without any evidence being offered, and was overruled, and defendants reserved a bill of exceptions.
On the next day, the defendants filed the following motion:
“Now into court through their undersigned counsel come Bud Crane and Thomas Lyle made defendants herein, and-move and pray the court for a rehearing in the above-styled and numbered cause for the following reasons, to wit:
“(1) That the judgment and the sentence herein are contrary to the law and the evidence, for the reason that the said defendants were never arraigned nor waived arraignment, and the bill of indictment herein was never fully read to said defendants, nor a copy legally served on them by the sheriff.
“(2) That said defendants were misled and induced to plead guilty to a charge of which they were at least partly innocent, and that the sentence imposed by this honorable court was based largely on extrinsic statements and facts de hors the case and record herein.
“(3) That defendant Crane has discovered evidence since the plea in this case and which he could not have found out or presented on first so-called trial hereof that will show that he (said Crane) was not guilty of the crime herein charged, but was at home on and during all the night the crime was alleged to have been committed, and was induced through error to plead guilty herein to a charge of which he was innocent.
“Wherefore, the said defendants pray that this motion be filed and sustained, and that they be granted a rehearing herein. Pray for general and equitable relief.
“Crow & Crow, Attys. for'Defendants.”
This motion was tried without any evidence being offered, and was overruled, and counsel reserved a bill of exception.
The bill of exception of defendants reads, as follows:
“Bill of Exception.
“Fourth Judicial District Court, Parish of Union, State of Louisiana. No. 3,699.
“State of Louisiana vs. Bud Crane et al.
“Be it remembered that on May 28, 1908, Bud Crane and Thomas Lyle, two of the defendants in the above numbered and styled cause, were brought from the parish jail of Union parish, and carried before lion. R. B. Dawkins, presiding judge of said court, and without ever waiving arraignment, or without being arraigned, but merely having read to them by said judge that portion of the bill of indictment which or the mere body of the bill without having read to them the indorsement caption or conclusion (which reads contrary to the form of the statute, etc.), were asked by the said judge if they wished to plead guilty, whereupon they, the defendants, replied that they would plead guilty to. petit larceny, and asked the leniency and mercy of the court. On the same day they were again brought forth in shackles, unrepresented by counsel, and asked if they had anything to say-why sentence should not be imposed upon them; whereupon they again asked the mercy of the-court, and stated that they were not guilty of part of the charge against them. They were immediately sentenced by said judge to two years’ imprisonment at hard labor in the State Penitentiary.
“Within about three hours after sentence said defendants employed counsel, through whom they made a motion to withdraw their so-called plea of guilty, on these grounds to wit: That defendants were induced through error to enter their so-called pleas of guilty to a felony, when in fact thought and understood that they were pleading to a misdemeanor, the punishment of which would not be over 90 days in parish prison. This motion was overruled by said court, wherefore counsel for defendants took erception and asked permission to prepare this bill of exception.
“On the following morning after the above motion was overruled, counsel for defendants filed a motion for rehearing on these grounds, to wit: (1) That the judgment and sentence-were contrary to the law and the evidence, for the reason that defendants had never been arraigned nor waived arraignment; (2) that they had discovered evidence since the so-called plea was entered that would at- least partly exonerate both defendants; and also that said Crane could prove by one J. O. Ferguson, whose affidavit was attached to said motion, that he Crane-was at home on and during all the night the crime was alleged to have been committed. ■
“Error on part of defendants was also alleged as one of the grounds for rehearing.
“After taking the matter under advisement for a few hours said judge also overruled this motion, whereupon counsel for defendants excepted, and asked to prepare this bill of exception. Counsel for defendants further showed and urged that said defendants had not consulted any attorneys, nor were acting on the advice of any attorney when entering their so-called plea of' guilty.
“After submitting this, their bill of exceptions, to the district attorney of said court and parish, counsel for defendants prayed the Court to1 sign the same.
“By the Court.
“On the 28th of May, 1908, the sheriff of' Union Parish informed the court that there were certain parties in the parish jail who wished to plead guilty. The court directed the sheriff to bring them into court, whereupon he-brought into the court three persons whose-names the court learned by interrogating them were Tom Lyles, Bud Crane, and Henry Duke. The court asked them if it was their wish to. enter pleas of guilty; they said it was. The-court then called their attention to the fact that they were charged with burglary and lar *1044 ceny. They; then stated that they only wished to plead guilty to the larceny, and added that they committed no burglary, that the door of the warehouse was open, and that it stood open nearly all the time. The court then read aloud to them this portion of the bill of indictment: ‘In the name and by the authority of the state of Louisiana, the grand jury duly elected, impaneled, sworn, and charged to inquire in and for the body of the parish of Union, state aforesaid, on their oaths do present, that on the-day of -, A. D. 1908, at and in the parish of Union and state aforesaid, Bud.Crane, Tom Lyles, I-Ienry Duke, and - Ferguson, did feloniously break and enter the warehouse of the railroad depot at Randolph, La., in the nighttime, with intent to steal.
“ ‘The jurors aforesaid, upon their oaths aforesaid, do further present that, at the time and place aforesaid, the said Bud Crane, Tom Lyles, I-Ienry Duke, and - Ferguson did feloniously steal, take, and carry away one barrel containing quart and pint bottles of whisky of the value in the aggregate of twenty dollars, the property of George Washington, and one case of shoes of the value of seventy-two dollars, the property of the Union Mercantile Company.’ After their portion of the bill had been read to the defendants they stated that they only wished to plead guilty to the larceny charge, and the district attorney, after some hesitation, consented to accept that plea, and accordingly their plea of the larceny charge was entered. After this the court asked the defendants questions as to their condition in life, where they had lived, the size of their families, and several other questions. Among others the court asked the defendants why they had taken the property, and to this they answered that they were drunk. The court had them remanded to jail to await sentence. In the afternoon, 8 or 10 hours after they had pleaded, the defendants were again brought into the courtroom and sentenced. Before being sentenced they were asked if they had anything to say why sentence should not be passed against them, and they said they had not.
“The court imposed upon the defendants Crane and Lyles a sentence of two years because of their plea of guilty, and because their statements freely made to the court when the plea was entered convinced the court that they had committed the theft with which they were charged.
“The court further took into consideration the fact that they were white men, apparently intelligent, and of mature years. The court did not refuse to 'permit defendants to consult counsel, no such request was made, except that each of the defendants asked, when they were brought into court to plead, the privilege of speaking to the district attorney, and they were each permitted to step into a side room and confer with that officer. Defendants statement in their motion to withdraw their plea of guilty to the effect that they did not know the nature of the crime to which they were pleading is without foundation. The court both verbally called their attention to the fact that they were charged with burglary and larceny, and read to them that portion of the indictment setting forth these charges as stated before. It was only after the defendants had pleaded that the court on their request for mercy stated to them that it would be as lenient as the nature of the case would permit. This statement made at the time it was made could not have in any way influenced the defendants in making their plea of guilty. As to the charge in motion to set aside the plea of guilty, that the sentence was unusual, the court has this to say: That the court has given other defendants the maximum under similar charges; as to that part of the statement in motion to set aside, that the third defendant Duke was only sentenced to one year. It is sufficient to say that the court was informed by the officers that the said Duke had from the time of his arrest confessed for his part in the theft, and he had also given the information to the sheriff that his codefendants had obtained a file, and were cutting their way out of jail, and on investigation the sheriff found this information to be true. Taking up the grounds in the motion for rehearing in their order, the court states: That it is a fact that the defendants were not formally arraigned, they were however informed, as before stated, of the charge against them, and the court considered a formal arraignment unnecessary. The court does not know anything that was done or said that was calculated to induce the defendants to enter pleas of guilty. They claim in this second ground for rehearing that they were partly innocent, at least. The trouble with the defendants is that they do not take 'back so much their statement of guilty, but they were surprised at the amount of punishment the court saw fit to administer to them. The claim of defendants that they have discovered new evidence since they pleaded in the court cannot be taken seriously, as will be seen by the affidavit annexed to the motion. The person who is possessed of this evidence is one J. O. Ferguson, the same Ferguson who was indicted in the bill with these defendants, and who has been for the last 48 days a cell mate in the jail with the defendants. In conclusion, the court says that the withdrawal of defendants’ plea was refused and their motion overruled because the court felt assured of their guilt. To permit the withdrawal of the plea after the state had waived or withdrawn the charge as to burglary would have doubtless put the state in a position in which it could not have claimed a conviction on the burglary charge on the trial of the case. The motion comes too late. The court has serious doubt as to the right on its part to permit a plea to be withdrawn, or to grant a new trial after sentence has been imposed on a plea of guilty. R. B. Dawkins, Judge.”
Pretermitting the question whether, in any case, even in a case of error, a plea of guil ty can be withdrawn after sentence, we are *1046 not satisfied that the plea in the instant case was made in error. Defendants knew that they were charged with larceny, and they knew what property they were charged with having stolen, and at what place and time; and therefore, when they pleaded guilty, they knew what they were doing. Their only error, if error there was, was in supposing that they had secured immunity against a severe sentence, when in point of fact such was not the case.
They did not ask that counsel he assigned to them; and hence have no ground of complaint on the score of not having had the advice of counsel.
The object of arraignment is to identify the accused, and to inform him of the nature of the charge against him, and to enable him to enter a plea. This object was fulfilled by the arraignment proceedings in this case. The part of the indictment which contained the accusation was read, and the accused duly entered a plea. The reading of the mere formal concluding part of the indictment would not have contributed anything to the situation.
Newly discovered evidence can hardly avail for setting aside a plea of guilty, especially when it is said to consist in the testimony of a codefendant with whom the defendant has been in close confinement for a month.
Judgment affirmed.