171 So. 840

**STATE v. NEELY.**

No. 34151.

Jan. 4, 1937.

Wm. H. Ponder, of Many, and T. Semmes Walmsley, of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and A. B. Cavanaugh, Dist. Atty., of Leesville, for the State.

LAND, Justice.

Defendant was convicted in the lower court of the larceny of a belt of the value of $50, the property of the Sabine Production Company, and was sentenced to a term of one year in the State Penitentiary.

Bill of exception No. 4 is the only bill in the case that has any merit, and was reserved by the defendant to the refusal of the trial judge to appoint counsel to represent him, upon his request, under the following circumstances:

Defendant requested the court to appoint counsel for him on September 30, 1936, when the case was first fixed for trial, and also requested the court to appoint counsel for him on October 6, 1936, when the case was tried. Both requests were refused by the trial judge for the reason, as stated in the per curiam to this bill, that he was of the opinion that it was not necessary to appoint counsel for an accused in a case of this character, not *necessarily* punishable at hard labor, and not being

a capital case; and for the further reason that defendant did not accompany either of his requests with a sworn affidavit, as required by article 143 of the Code of Criminal Procedure.

This article provides that: "Whenever an accused *charged with a felony* shall made affidavit that he is unable to procure or employ counsel learned in the law, the court before whom he shall be tried, or some judge thereof, shall immediately assign to him such counsel; provided, that if the accused is charged with a capital offense, the court shall assign counsel for his defense of at least five (5) years' actual experience at the bar." (Italics ours.)

The judge *a quo* states in the per curiam to this bill that in all cases *"necessarily* punishable at hard labor," and in capital cases, "the court would swear the defendant, or have the Clerk of Court swear the defendant, in the presence of the court, that the defendant wasn't able to employ or procure counsel." This is the proper procedure for a trial judge to adopt in felony and capital cases, when a defendant requests the appointment of counsel to represent him, because of his financial inability to procure counsel. Article 143 of the Code of Criminal Procedure does not provide that an accused charged with a felony *necessarily punishable at hard labor* shall be entitled to have counsel to represent him; but that "an accused charged *with a felony"* shall have such right.

Under the settled jurisprudence of this court, "a felony" is a crime which

*may be* punishable by imprisonment at hard labor, as well as a crime which is *necessarily* so punishable. In the recent case of State v. John Brown, 185 La. 855, 171 So. 55, the jurisprudence is reviewed and it was held that larceny of $50 was "a felony" in this State.

Our conclusion is, therefore, that the trial court erred in refusing to appoint counsel to represent defendant, upon his request so to do, and that such refusal is reversible error.

It is therefore ordered that the conviction and sentence appealed from be annulled and set aside, and that this case be remanded to the lower court for a new trial.