ROGERS, Justice.
 

 The defendant, Earl Blankenship, was convicted of hog stealing. His motion for a new trial was overruled, and he was sentenced to imprisonment in the State Penitentiary, at hard labor, for one year, subject to commutation for good behavior. This appeal is from his conviction and sentence.
 

 One of defendant’s complaints is that the trial judge erred in denying his request to provide him with counsel to assist in selecting a jury and in the trial of the case.
 

 The record shows that on the day the case was called for trial the defendant asked for a continuance, on the ground that three of his material witnesses were not present. Defendant’s request was refused for his lack of diligence in summoning the witnesses. Defendant then made his request for the appointment of counsel to assist him in the trial of the case. This request was also denied. The trial judge assigns as his reason for the ruling that the defendant’s request was not accompanied by an affidavit that he was unable to procure or employ counsel, and that, in the absence of such affidavit, the court was not authorized to appoint counsel to represent the defendant.
 

 Section 9 of article 1 of the Constitution, the Bill of Rights, declares: “The accused in every instance * * * shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor.”
 

 Article 142 of the Code of Criminal Procedure provides: “The accused in every instance shall have the right to defend himself and to have the assistance of counsel, who shall have free access to him at all reasonable hours.”
 

 Article 143 of the Code of Criminal Procedure, on which the trial judge relies in support of his ruling, provides: “Whenever- an accused charged with a felony shall make affidavit that he is unable to procure or employ counsel learned in the law, the court before whom he shall be tried, or some judge thereof, shall immediately assign to him such counsel; provided,
 
 *241
 
 that if the accused is charged with a capital offense, the court shall assign counsel for his defense of at least five (5) years’ actual experience at the bar.”
 

 The jurisprudence of this State maintaining that the trial judge is not required to appoint counsel to defend a party charged with a criminal offense unless he requests it is not applicable to the present issue, since, admittedly, the defendant did request that counsel be appointed to represent him.
 

 Hog stealing is a felony, punishable, if the value of the hog or hogs be $20, or more, by imprisonment with or without hard labor for not more than two years, and, if the value be less than $20, by imprisonment in jail not to exceed one year. Code Crim.Proc. art. 1059, as amended. Acts 1918, No. 45, § 1, Acts 1932, No. 94, § 1. As shown by the indictment, the eight hogs which defendant is charged with stealing were valued at $45.
 

 Therefore, the only question presented for decision is whether the trial judge, when called upon by the defendant to furnish him with counsel, was justified in refusing to do so, because the defendant did not support his request with the affidavit referred to in article 143 of the Code of Criminal Procedure. We do not think he was.
 

 Next in importance to his right to be informed of the charge against him is the right of an accused unrepresented by counsel to be advised of his privilege to have the assistance of counsel in conducting his defense.
 

 When defendant requested that counsel be appointed to represent him in the trial of the case, the trial judge should have acceded to his request, or, if in doubt as to defendant’s inability to employ counsel, he should have required him to make the affidavit required by article 143 of the Code of Criminal Procedure.
 

 In his statement per curiam, the trial judge sets forth that, “In such cases (meaning where he is called upon to appoint counsel to represent the accused) where the Clerk of Court does not have a written form of affidavit, the defendant is administered an oral oath.” But no oral oath was administered to the defendant. Neither was he furnished with the form of affidavit nor advised that he was required to make any affidavit. Why the custom prevailing in the district court was departed from in this case is not clearly shown by the record.
 

 Since the defendant was not required to make any affidavit nor advised that he must do so, we do not see how his failure in that respect or his failure to reserve a bill to the ruling of the trial judge can be charged against him so as to preclude him having his complaint examined on appeal.
 

 The constitutional and statutory right of an accused to be represented by counsel is too valuable a right to be destroyed or abridged by any such technical holding. If an accused voluntarily tries his own case, or is forced to do so because his request for the appointment of counsel is denied, technical procedural rules should be of necessity applied less rigidly than where counsel conducts the defense.
 

 The defendant is not a lawyer. So far as the record shows he has no knowledge of the law and has never tried a lawsuit. His request for the appointment of counsel
 
 *243
 
 clearly indicates that he had no confidence in his own ability to try his case and felt the imperative need of expert advice and assistance in malting’ his defense.
 

 To refuse a right because the claimant has failed to make an affidavit of which he has and can have no knowledge is tantamount to destroying the right.
 

 It is true, the trial judge assisted defendant in selecting the jury, but that fact did not impair defendant’s right to have the aid and advice of counsel in that respect. As was said in State v. Cummings, 5 La.Ann. 330, “The moment at which perhaps it is most seasonable and necessary that a person accused of a crime should have aid and counsel, is that when he is about to be put upon his trial for the of-fence, and to select the jury for his trial." While the trial judge aided defendant in the selection of the jury, manifestly, he did not, and could not, advise or consult with him in its selection or in the trial of the case.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, •and the case is remanded to the district court for a new trial.