174 So. 356

**STATE v. YOUCHUNAS.**

No. 34292.

April 26, 1937.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. V. Hundley, Dist. Atty., and Ben F. Thompson, Jr., Asst. Dist. Atty., both of Alexandria, for the State.

ODOM, Justice.

The defendant was charged in a bill of information filed by the district attorney with the crime of breaking and entering a storehouse in the nighttime with intent to steal, which is a felony punishable by im-

prisonment at hard labor for a term not exceeding ten years. Rev.St. § 852, as amended by Act No. 72 of 1926.

He was arraigned on February 1, 1937, and his case was set down to be tried on February 17. On the latter date he was tried and convicted as charged. On the following day he was brought into court for sentence. But then and there, before sentence was pronounced, the district attorney filed a bill of information against him under Act No. 15 of 1928, charging that he was a second offender. According to the minutes of the court, the accused admitted this charge, although the minutes recite that "testimony of witnesses was adduced in open court; testimony closed. Whereupon, the court held that it had been duly shown that accused was a second offender."

The minutes show that immediately after the accused had been adjudged a second offender on the evidence adduced, the judge asked him "if he had anything to say why sentence of the court should not be pronounced against him" and that "after hearing him" the court sentenced him as a second offender to hard labor for twelve years. The minutes of the court recite that, "Whereupon, accused asked for a new trial, in open court, which request was refused as coming too late, not having been asked for prior to sentence." The accused then asked for an appeal, which was granted.

There are no bills of exception or assignment of errors in the record. The accused is not represented by counsel in this court. The case was submitted by the state on brief, in which it is stated that inasmuch as there are no bills of exception, assignment of errors, or "errors patent on the face of the record," judgment should be affirmed.

■ The minutes of the court do not show that the accused was represented by counsel, either at his arraignment, at his trial on the burglary charge, or at the time he was tried on the charge of being a second offender; and, in the absence of an affirmative showing by the minutes that he was represented by counsel, we think it reasonable to assume that he had none. He is not represented in this court. His lack of representation explains why there are no bills of exception and no errors assigned.

■ When an accused person is brought before the court under a felony charge and appears unrepresented by counsel, it is the duty of the court to ascertain why he has none and if he wants representation. If he does and makes a reasonable showing that he is unable to procure counsel, then it is the duty of the district judge to appoint some attorney at law to represent him. The refusal of the judge to appoint counsel after such request and showing is reversible error. State v. Blankenship, 186 La. 238, 172 So. 4; State v. Neely, 186 La. 171, 171 So. 840.

In felony cases the minutes of the trial court should show whether the accused had counsel, and, if not, the reasons why. If he preferred to represent himself or if he refused the assistance of such counsel as the court offered to appoint for him, the minutes should affirmatively show it. The absence of an explanation why he had

no counsel either in his arraignment or trial is viewed by this court as a serious irregularity which cannot be overlooked or disregarded.

In this case there are other gross errors. As above stated, after the accused was convicted on the original charge and before sentence, the district attorney filed a bill of information against him, charging that he was a second offender. He was immediately tried on this charge, convicted, and immediately sentenced as a second offender.

But the minutes do not show that he was ever arraigned on this charge. Section 3, Act No. 15 of 1928, provides that if at any time after conviction of a felony it appears that the party convicted has previously been convicted of crimes such as those set out in the two previous sections of the act, "it shall be the duty of the District Attorney of the parish in which such conviction was had, to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had, shall cause the said person * * * to be brought before it and shall inform him of the allegation contained in such information and of his right to be tried as to the truth thereof according to law."

The accused, according to the minutes, was before the court when this information was filed against him. The bill of information does not appear to have been read to him, nor did the judge inform him of the allegations contained therein or of his right to be tried "as to the truth thereof."

■ The act does not in so many words speak of an arraignment. But it says that the judge "shall inform him" of the charge made in the bill "and of his right to be tried as to the truth thereof." The duty imposed upon the judge in this respect is mandatory and the information he must convey to the accused corresponds to an arraignment in ordinary criminal cases. Without an arraignment, there can be no plea, no trial.

■ In State v. Christian, 30 La.Ann. 367, the court said that, "The object of arraignment is to inform the accused of the nature of the accusation against him and to evoke plea," and it was held that in the absence of arraignment there was no issue joined between him and the state, "without which it was irregular to proceed to trial, as there was nothing to try."

In State v. Ford, 30 La.Ann. 311, paragraph 1 of the syllabus, which is a correct statement of the court's holding, reads as follows:

"It is so absolutely necessary to the validity of criminal proceedings and the verdict found thereon that a plea on his behalf should be filed to the indictment found against the accused, that the failure to file such a plea will vitiate the proceedings, and justify the setting aside of the verdict."

In State v. Epps, 27 La.Ann. 227, it was held that (syllabus):

"There can no judgment be passed, when there was no arraignment. The arraignment is the issue made, and when there is no issue, there can be no trial. This absolute requirement of the law is not cured

by the fact that the accused was brought into court and tried without objection."

In State v. Revells, 31 La.Ann. 387, the court said:

"The absence of a plea is of itself fatal, Ford's Case, 30 La.Ann. 311, and the arraignment precedes the plea, and in felonies is indispensable."

As we have already stated, the accused was convicted and sentenced as a second offender. Inasmuch as he was not arraigned on this charge and the judge did not explain to him the nature of the charge and his right to be tried as to the truth of the allegations contained in the bill of information, the conviction and sentence as a second offender necessarily fall.

If this were the only error disclosed by the record, we might on our own motion remand the case in order that the accused be sentenced on the burglary charge. But in view of this and the other irregularity pointed out, the conviction under both charges and the sentence imposed must be set aside and the case remanded for retrial, and it is so ordered.