128 So.2d 11

**STATE of Louisiana**

v.

**William K. LINDSEY.**

No. 45332.

March 20, 1961.

Vincent Hazleton, Alexandria, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., F. Jean Pharis,

Dist. Atty., A. M. D'Angelo, Jules L. Davidson, Jr., Asst. Dist. Attys., Alexandria, for plaintiff-appellee.

HAMLIN, Justice.

The defendant was charged with issuing a worthless check in the amount of $85 (a violation of LSA-R.S. 14:71), convicted of such crime, and sentenced to serve one year in the Parish Jail, subject to work. He appeals to this Court from his conviction and sentence, urging two bills of exceptions perfected in the trial court.

The minutes of the trial court state that on May 12, 1960, the accused was present in open court, without counsel, waived formal arraignment, and pleaded not guilty. They further recite: "Certified copy of Bill of Information and venire were served on accused, who stated he will employ counsel."

On June 8, 1960, the accused was present in open court, without counsel. He requested a continuance of the trial on the ground that he did not have funds with which to employ counsel. The motion for a continuance was taken up for hearing and testimony was adduced. The defendant denied that he had made a statement to the court that he would hire his own lawyer. The Deputy Clerk of Court in charge of the criminal minutes testified that she had made the notation in the minutes to the effect that the defendant had stated that he would employ counsel, and that from her recollection she recalled such fact. The trial judge denied the motion, stating:

"Now, I don't think that once an accused makes such a statement at arraignment that he should be allowed to wait until the very hour that the case is called for trial and then come in and ask for a continuance on the grounds that he hasn't been able to employ an attorney. This would of course allow an accused to use this as a device to delay the trial."

Bill of Exceptions No. 1 was reserved to the above ruling of the trial judge refusing defendant a continuance. In said bill, the defendant avers that he stated to the Court that he did not have the funds to employ an attorney to represent him and requested that the Court appoint an attorney to represent him on the trial of his case.

In his per curiam to Bill of Exceptions No. 1, the trial judge states that the accused did not at any time prior to his motion for a continuance on June 8, 1960, request the court to appoint counsel for him. "He made this request only after he had moved for continuance."

In this Court, the defendant is represented by counsel who urges that it was the duty of the trial court to make an examination of the defendant's financial ability and, if warranted, grant him the assistance of counsel. He contends that the court committed reversible error in depriving the defendant of rights guaranteed under the constitution and laws of the State of Louisiana and of the United States, namely, due process of law.

The State urges that the trial judge was correct in his ruling because the defendant made the request for counsel only after he had moved for a continuance. It alleges that the Court could only reach the conclusion that the accused was using the device or excuse of his being unable to secure counsel as a means of avoiding the justice to which he was entitled. The State further contends that when a case is called for trial and the jury panel is present from which a selection of the jury can be made and all the witnesses for the State are present, it places an undue burden on the State if the accused in such a circumstance is granted a continuance.

LSA-R.S. 15:142 provides that the accused in every instance shall have the right to defend himself and to have the assistance of counsel, who shall have free access to him at all reasonable hours. It is further recited in LSA-R.S. 15:143 that whenever an accused charged with a felony shall make affidavit that he is unable to procure or employ counsel learned in the law, the court before whom he shall be tried, or some judge thereof, shall immediately assign to him such counsel.

In State v. Blankenship, 186 La. 238, 172 So. 4, 5, defendant, upon refusal of a motion for a continuance, made a request for the appointment of counsel to assist him in the trial of the case. This request was

denied for the reason that it was not accompanied by an affidavit that the defendant was unable to procure or employ counsel, and that, in the absence of such affidavit, the court was not authorized to appoint counsel to represent the defendant. In holding that the defendant could not be refused a constitutional and statutory right by a technical holding, this Court stated:

"When defendant requested that counsel be appointed to represent him in the trial of the case, the trial judge should have acceded to his request, or, if in doubt as to defendant's inability to employ counsel, he should have required him to make the affidavit required by article 143 of the Code of Criminal Procedure.

"In his statement per curiam, the trial judge sets forth that, 'In such cases (meaning where he is called upon to appoint counsel to represent the accused) where the Clerk of Court does not have a written form of affidavit, the defendant is administered an oral oath.' But no oral oath was administered to the defendant. Neither was he furnished with the form of affidavit nor advised that he was required to make any affidavit. Why the custom prevailing in the district court was departed from in this case is not clearly shown by the record.

"Since the defendant was not required to make any affidavit nor advised that he must do so, we do not see how his failure in that respect or his failure to reserve a bill to the ruling of the trial judge can be charged against him so as to preclude him having his complaint examined on appeal."

See State v. Neely, 186 La. 171, 171 So. 840.

In the case of State v. Hilaire, 216 La. 972, 45 So.2d 360, 361, this Court set forth the rights of an accused in a criminal case as follows:

"'* * * The accused in every instance shall have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor * * *.' Art. I, Sec. 9. [Louisiana Constitution of 1921.] The Bill of Rights of the several preceding Constitutions of the State contain provisions similar to those quoted above. * * *

"In order to safeguard this right, the lawmakers of our State, in adopting the Code of Criminal Procedure in 1928, under the heading 'Right to Counsel,' incorporated the provision that 'The accused in every instance shall have the right to defend himself and to have the assistance of counsel * * *', Art. 142, C.C.P.; and in order to make secure this right to an

accused who is unable to procure or employ such counsel, incorporated the further provision * * * Art. 143, C.C.P. * * * This was but a codification of the prior existing law, with slight modifications. See Revised Statutes, Sec. 992, and the jurisprudence thereunder.

"It has been the universal practice and procedure in the trial of all criminal cases in this State to furnish the accused, upon his request in proper cases, with counsel to assist him in the trial and defense of his cause, and the trial judge's failure to do so constitutes a reversible error, * * * but the court need not appoint counsel for the accused unless he requests it, * * * and where the defendant, charged with a felony, pleads guilty (except in capital cases where such pleas are prohibited under our law) without the assistance of counsel, he has no valid cause for complaint, State v. Crane, 121 La. 1039, 46 So. 1009." Cf. State v. Brazile, 226 La. 254, 75 So.2d 856.

"* * * We further recognize that, to make the constitutional right to assistance of counsel effective, counsel must be accorded a reasonable time for preparation of the case—that is, time to investigate the facts and the law applicable. However, what constitutes a reasonable time depends on the facts and circumstances of each case, and there should be a showing that such time was needed, requested, and denied." State v. Howard, 238 La. 595, 116 So.2d 43, 45.

The accused is not an attorney; he appeared before the bar of the trial court in his own proper person. The argument that defendant was not entitled to the appointment of counsel, because he moved for a continuance on the ground that he did not have funds to employ an attorney before he requested the court to appoint an attorney to represent him, urges a distinction without a difference.

It is contended in Bill of Exceptions No. 1, admitted by the trial judge in his per curiam, and admitted by the State in brief filed in this Court, that the accused did request a continuance and the appointment of counsel to aid him in his defense. The record clearly discloses that the trial court granted neither request. In denying defendant's request for counsel, the trial court fell into reversible error and violated defendant's statutory and constitutional rights. See authorities quoted, supra.

■ Whether or not defendant was entitled to a continuance could only have been legally and properly determined after counsel had been appointed for him. See State v. Howard, supra. The trial court, therefore, should have appointed counsel for the defendant and then ruled on the motion for a continuance. The trial judge's per curiam

reflects that these matters were considered simultaneously and are meshed together.

 We conclude that defendant's statement upon arraignment on May 12, 1960, that he would employ counsel did not waive his right to counsel on June 8, 1960, when he made the request for same. He has shown by a preponderance of the evidence that he did not intelligently and understandingly waive his right to counsel on the latter date. Moore v. State of Mich., 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167.

Having found that Bill of Exceptions No. 1 has merit, there is no necessity for a discussion of Bill of Exceptions No. 2.

For the reasons assigned, the conviction and sentence are annulled and set aside, and the case is remanded for a new trial.