CECILIO HERNÁNDEZ MARTÍNEZ, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN OF THE STATE PENITENTIARY OF PUERTO RICO, Respondent and Appellee.

No. 12707. Submitted April 24, 1961.—Decided April 26, 1961.

---

*José A. Suro* for appellant. *J. B. Fernández Badillo, Attorney General,* and *Carlos G. Látimer, Assistant Attorney General,* for appellee.

PER CURIAM.

The petitioner-appellant, Cecilio Hernández Martínez, was convicted on August 27, 1954 of the crimes of attempt to commit murder and violation of § 4 of the Weapons Act, having been sentenced to serve indeterminate sentences of 3 to 10 years and of 1 to 5 years imprisonment in the penitentiary, respectively. He filed a petition of habeas corpus on the ground that those convictions are void because at the trial he was deprived of the due assistance of counsel.

After the writ was issued, the corresponding hearing was held before the Superior Court, Caguas Part. Petitioner's evidence consisted of his own testimony to the effect that at the time of the arraignment, Mr. José E. González was appointed to represent him and that he pleaded not guilty; that at the trial he was represented by Mr. Francisco García Casanova, who was designated that same day, because Mr. González was ill; that the court granted the attorney ten minutes to confer with the accused, and that the attorney advised him to plead guilty, which he refused to do; that they entered trial and that "if he had been granted enough time to prepare a better defense he would have come out better." The respondent judge asked the petitioner why he had not alleged that he had not had sufficient time to confer with his attorneys when the court had asked the parties if they were ready to enter trial. The petitioner did not answer this question. The prosecuting attorney offered the testimony of Mr. Francisco Díaz Marxuach, attorney-at-law, who stated that he had represented the accused jointly with Mr. García Casanova; that both conferred with the petitioner in the marshal's office and that "after they had exchanged views with the accused and *seen the evidence* we decided to enter trial waiving the right to a jury"; that a hearing was held

in which the accused and witnesses testified; that upon being asked by the court if they were ready to hear the case, they answered affirmatively "because we had conferred with the accused and had seen his evidence"; that the court granted them ten minutes to confer with the accused, but they had conferred with him for more than half an hour, and they ratified that they entered trial because they were ready.

The petition for habeas corpus was denied.

 In *People* v. *Caride*, 71 P.R.R. 220 (1950), we held that the mere appointment of counsel for defendant when the case is called to trial without giving the attorney a reasonable opportunity to consult with the defendant in order to prepare an effective defense, indicates that the appointment and appearance of counsel was rather pro forma than zealous and active, and therefore, that the defendant lacked the assistance of counsel constitutionally guaranteed to every defendant. The evidence showed that the trial court had appointed the attorney when the case was called for trial; that the attorney indicated that he was ready for trial and stated that "the defendant *has just now told me* that he has two witnesses who are in jail"; that every step was taken for the appearance of said witnesses, but the record does not show whether they were present and testified. In *People* v. *Muriel*, 57 P.R.R. 896 (1941) the facts showed that the accused was represented by two attorneys assigned by the court when the case was called for trial; that the accused stated that he had not been able to summon the witnesses for his defense and asked that he be granted two or three days "for a defense by my lawyer"; that a recess was ordered to enable the attorneys to consult with the accused; and that there is no showing in record that such conference was held. Under such circumstances we held that the appointment was a bare formality and that the right to legal assistance includes, not only the appointment, but also the opportunity to fulfill his mission of defending the accused efficiently, well and faith-

fully. See, also, *People* v. *Flecha*, 70 P.R.R. 651 (1949) and *People* v. *Rivera*, 77 P.R.R. 599 (1954). In the most recent case of *Serrano* v. *Warden*, 80 P.R.R. 215 (1958), the evidence showed that the court appointed an attorney for the accused when the case was called for trial and granted the opportunity of conferring with the accused, and after the conference he stated that he was ready to enter trial. We held that contrary to the *Caride* case, *supra*, it cannot be said that the appointment of the attorney to represent the accused was pro forma. *Cf. People* v. *Morales*, 54 P.R.R. 99 (1939).

There is no doubt that according to our case law the right to legal assistance includes, not only the assignment of an attorney to represent the accused at the trial, but also a reasonable opportunity to prepare the defense. To determine whether this opportunity has been offered, we must consider the attendant circumstances of the case, and particularly (a) the nature of the crime charged; (b) whether the continuance sought for lack of preparation was denied; (c) the period of time granted to the assigned attorney to confer with the accused; and (d) whether the accused was able to summon the witnesses for the defense. *Powell* v. *Alabama*, 287 U.S. 45 (1932); *Lloyd* v. *State*, 170 N.E.2d 904 (Ind. 1960); *People* v. *Tomaselli*, 165 N.E.2d 551 (N.Y. 1960); *State* v. *Howard*, 116 So.2d 43 (La. 1959), *cert. denied*, 361 U.S. 875 (1959); *Torres* v. *United States*, 270 F.2d 252 (C.A. 9, 1959); *Creed* v. *United States*, 156 A.2d 676 (D.C. 1959); *Smith* v. *State*, 110 S.E.2d 635 (Ga. 1959); *State* v. *Blakeslee*, 306 P.2d 1103 (Mont. 1957).

A study of the evidence presented at the hearing of habeas corpus, has convinced us that the present case is governed by that of *Serrano* v. *Warden*, *supra*, and applying the doctrine hereinbefore mentioned as to the opportunity to prepare the defense, it cannot be said that the accused was denied his right to assistance of counsel.

The judgment appealed from will be affirmed.