256 So.2d 437

**STATE of Louisiana ex rel.
Norman CLARK, Jr.**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

**No. 51869.**

Nov. 18, 1971.

In re: Norman Clark, Jr. applying for writs of habeas corpus, certiorari, and mandamus.

Application denied. The showing made does not warrant the exercise of our supervisory jurisdiction.

BARHAM, J., dissents and assigns written reasons.

BARHAM, Justice (dissenting from refusal to grant writ).

There are at least three bases upon which relator is entitled to a hearing.

The relator alleges that he was charged as a multiple offender only because he chose to exercise his right to trial after rejecting an offer from the State not to multiple-charge him if he would plead guilty. In State v. Vale, 252 La. 1056, 215 So.2d 811 (1968), rev'd on other grounds 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970), we stated, erroneously in my opinion, that the district attorney's practice of granting immunity from prosecution as multiple offenders to those who pleaded guilty to felony charges was not discriminatory. In my view, this practice is discriminatory, and in addition is an unconstitutional use of a statute to put a chilling effect upon the exercise of a constitutional right. Cf. Lawrence v. Henderson, 318 F. Supp. 230 (D.C.La.1970); United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968).

Relator alleges, and the minutes support the allegation, that he was sentenced under R.S. 15:529.1 without the court's complying with that statute's mandatory provisions that it "shall" inform the defendant of the allegations in the information and of his right to be tried as to the truth thereof and then to require the defendant to say whether the allegations are true. See State v. Youchunas, 187 La. 281, 174 So. 356 (1937), overruled on other grounds in State v. Hilaire, 216 La. 972, 45 So.2d 360 (1950).

Relator's sentence is excessive for a third offender, and therefore the court must have considered him a fourth offender. In federal court he was convicted on one count of "uttering" and on one count of "forgery" of the same instrument. To contribute to multiple-offender charging, foreign convictions must be for conduct that would constitute a criminal violation in Louisiana. Conduct giving rise to these federal convictions would result in only

one conviction for the Louisiana crime of forgery. Relator is at most a third offender.

I respectfully dissent from the refusal to grant the writ.