State of Louisiana vs. Rose.

---

## No. 8310.

### STATE OF LOUISIANA VS. WALTER ROSE.

After the State has closed its case and the accused declined to offer any evidence, the Court may, within its legal discretion, permit the State's Counsel to call and examine other witnesses.

APPEAL from the Twentieth Judicial District Court, parish of Lafourche. *Knoblock, J.*

This case was submitted in New Orleans, and by consent of parties was decided at Monroe.

---

*J. S. Billiu* and *Taylor Beattie* for Defendant and Appellant:

First—There can be no rebuttal where there has been no evidence for the accused.
Second—When the State closes its case and the accused offers no evidence the State cannot call any other witness.

*E. A. O'Sullivan,* District Attorney, for the State. Appellee:

It is in the discretion of the judge to allow the State, having closed, to offer another witness. 27 An. 694; 29 An. 716.

---

The opinion of the Court was delivered by

LEVY, J. On an information for "shooting at with intent to commit murder," Walter Rose was tried, convicted and sentenced to imprisonment at hard labor in the State Penitentiary for the term of eighteen months, and he has taken this appeal.

On the trial of the case the District Attorney, for the prosecution, having examined several witnesses, stated to the court that he rested his case, whereupon the defendant declined to introduce any witnesses, and then the District Attorney caused other witnesses to be called and

sworn, on behalf of the State, although defendant had offered no testimony. Counsel of defendant objected thereto, for the reason, that the State had closed its case and was not entitled to swear other witnesses in the case, inasmuch as defendant had produced no testimony and there was no matter for rebuttal. This objection being overruled, defendant took and filed a bill of exceptions.

The grounds upon which a reversal of the judgment is claimed are:

1st. That there can be no rebuttal where there has been no evidence for the accused.

2d. When the State closes its case, and the accused offers no evidence, the State cannot call any other witness.

The authorities cited by the District Judge in his reasons for overruling the motion for a new trial, to our minds, sustain his ruling on the admissibility of the testimony which is complained of.

An eminent writer and recognized authority on criminal law (Wharton) says: "The order of testimony is for counsel to arrange, subject to the discretion of the court. The general rules prescribed (e. g. that party must make out its case in its evidence in chief), are founded on right reason and will be usually maintained. But, it is within the discretion of the court trying the case to permit these rules to be suspended for the purpose of justice; and a deviation in this respect from the usual practice is not the subject for revision by an appellate court." Wharton's Crim. Law, § 3009. Also: "The judge, at the trial, has discretion as to the admission of evidence, out of the regular and usual course, and must exercise such discretion when necessary to promote justice." Id. § 3342.

Adopting the principles thus enunciated, our own Supreme Court, has in several decisions acted in accordance therewith, and we think established our jurisprudence on this question.

In State vs. Coleman, 27 An. 694, it was held: " The objection that the court allowed the Attorney General, after announcing that the evidence in behalf of the State was closed, to offer another witness, is without weight. It was within the discretion of the judge." And in State vs. Colbert, 29 An. 716: "It was a matter to be left to the sound discretion of the judge whether he would, after the State had announced that it had closed *and before argument began*, allow further evidence." See, also, State vs. Woods, 31 An. 268.

The rule in regard to confining testimony offered in rebuttal to the matters elicited in the examination in chief, has no application to the introduction of testimony not in rebuttal, offered under the circumstances of this case, justified by the authorities above cited.

There was no error as complained of, and the judgment of the lower court is, therefore, affirmed with costs.