State vs. Chandler.

## No. 9035.

### THE STATE OF LOUISIANA VS. GEORGE CHANDLER.

| 36 | 177 |
|---|---|
| 48 | 296 |
| 48 | 311 |
| 36 | 177 |
| 51 | 105 |
| 36 | 177 |
| 52 | 209 |
| 52 | 210 |
| 36 | 177 |
| 104 | 445 |
| 104 | 446 |

After the evidence is closed in the trial of a criminal case the defendent cannot be allowed to introduce other testimony, even with a view to contradict statements of a state witness, drawn out of him in rebuttal, on the pretense that his statements embraced new matters. The proper course is to object to such testimony or to move for its expulsion. There must be an end of the trial, which would otherwise be protracted indefinitely.

A motion in arrest of judgment is not the proper mode of presenting objections to the manner of drawing or organizing either the grand or petit jury, or of presenting errors not apparent on the face of the record.

District judges have the right to order special jury terms at which all criminal cases may be tried. The right is not limited to special terms for the trial of minor offenses with a jury less than twelve in number. State vs. Claude, 35 A. 71, affirmed.

APPEAL from the Sixth District Court, Parish of Morehouse. *Brigham,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*Todd & Todd* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    On a charge of murder the defendant has been convicted of manslaughter.

1. He complains on appeal that the trial judge erred to his detriment in rejecting the testimony of a witness whom he attempted to introduce after the evidence had been closed.

His object was to contradict the testimony of a State witness, drawn out by the district attorney as rebuttal testimony.

The defendant charges that the testimony which he sought to meet, comprised new matters not covered by the testimony of the witness, in his preceding examination.

The judge did not err in his ruling. There must be an end to the examination of witnesses in all trials. The rules of practice have wisely provided that when the evidence has been closed, the examination of witnesses is at an end. A different rule would have protracted trials beyond reason and would have practically resulted in a denial of justice.

When the State seeks in rebuttal to draw out new matters from one of her own witnesses, the defendant's right is to object to the questions propounded to that end or to move for the exclusion of the statements of witnesses containing new matter. But the error complained of can afford no justification for the commission of a second error, of re-opening the evidence after it had once been closed.

2. In a motion in arrest of judgment the defendant submits that the grand jury which presented the indictment and the petit jury which returned the verdict against him, had not been legally drawn or constituted, for the reason that the *venire* had been drawn for a special jury term, alleged to be illegal because it had been ordered by the district judge while he was out of the State, on a leave of absence.

That objection, made after trial, comes too late; the motion in arrest, which is restricted to defects arising from intrinsic causes appearing on the face of the record, cannot be entertained as the mode of urging irregularities in the formation of the jury. The mere fact that the defendant had recourse to parol testimony, to show the absence of the judge, from the State when he issued the order alleged to be illegal, is a fair test of the conclusion that the defect complained of is not apparent on the face of the record.

In the recent case of the State vs. Noah Jackson (35 A. —), we had occasion to make a thorough examination of criminal jurisprudence on this point, and we therein re-affirmed the rule which has settled that the motion in arrest of judgment is not the proper form or proceeding of embodying and presenting alleged errors not appearing on the face of the record.

3. Appellant also denies the right of the district judge to order a special criminal term other than such as are contemplated by Art. 117 of the Constitution, and Act No. 135 of 1880.

His point seems to be that the only special jury terms authorized by the Constitution and laws of the State, are those in which juries, less than twelve in number, are empanelled for the trial of criminal cases in which the penalty is not, necessarily, imprisonment at hard labor or death.

The identical point was made in the case of State vs. Claude, 35 A. 71, and was decided adversely to appellant's position in this case.

For the reasons given in that case, we overrule the objection made in the case now before us.

The record shows that due public notice was given of the judge's order convening his court at such special term, and that everything touching the same was regular and legal.

We find no error to the prejudice of the accused.

Judgment affirmed.