No. 9854.

## THE STATE OF LOUISIANA vs. SAMPSON PAUL.

In the trial of a criminal case, neither party should be allowed to introduce new or additional testimony after the evidence has been closed, after the argument has been made, after the judge has given his general charge to the jury, and when he is about to give a special charge requested by counsel for the accused, on a point which the district attor-

ney had omitted to support by evidence, and for the introduction of which he seeks to reopen the case.

There must be an end to the examination of witnesses in all trials.

APPEAL from the Twelfth District Court, Parish of Grant. *Blackman*, J.

*M. J. Cunningham*, Attorney General, and *John C. Wickliffe*, District Attorney, for the State, Appellee.

*M. F. Machen* and *H. L. Daigre* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   The complaint in this case is that the trial judge allowed the district attorney to reopen the case in order to prove the time of the commission of the offense charged, after the evidence had been closed, after the argument of counsel to the jury had been made, and after the general charge of the judge to the jury had been given.

While we concede to its fullest extent the discretion which is vested in the judge in conducting the trial in criminal cases, we are constrained to hold that the ruling in this case is error.

It appears from the record that the case was reopened after the argument, after the general charge, after a special charge at the instance of the State's counsel had been given to the jury, and when that attorney was reminded of his omission to prove time through the request made by defendant's counsel for a special charge on the necessity of proof of the time at which the offense charged to the accused had been committed.

If it is within the legal discretion of the judge to reopen the case at that stage of the trial, it is difficult to conceive at what point that same discretion could not be invoked to justify the introduction of new or additional evidence.

Under such a practice, when could any trial be considered to be at an end ?   And yet it stands to reason as well as in law that there must be an end to the examination of witnesses in all trials.

One of the latest expressions on the subject emanating from this Court is to the effect that: "The rules of practice have wisely provided that when the evidence has been closed, the examination of witnesses is at an end.   A different rule would have protracted trials beyond reason, and would have practically resulted in a denial of justice."   State vs. Chandler, 36 Ann. 177.

We are aware that jurisprudence has recognized some exceptions to the general rule, and that the exercise of a sound discretion by the trial judge to the extent of admitting evidence immediately after the

case had been closed has been justified on appeal in this State as well as in other appellate courts. State vs. Coleman, 27 Ann. 691; State vs. Colbert, 29 Ann. 715; State vs. Rose, 33 Ann. 932; Wharton's Criminal Law, §§ 3009, 3342. But instances of the kind cannot and should not be numerous.

In the case of Colbert, 29 Ann. 715, the Court very guardedly restricted the exercise of the right to reopen the case after the evidence had been closed, to that stage of the trial *before the argument began,* these words being italicized in the opinion, thus clearly indicating a different ruling if the attempt to reopen the case had been made at a more advanced stage of the trial, particularly as was the case here, when the case had been practically ended.

In our investigation of jurisprudence we have found no case, and we have been referred to no ruling which can be invoked as a precedent for the latitude which was allowed to the prosecution in the instant case. And we are not inclined to establish such a precedent, which would, in our opinion, be subversive of all the safe rules which should prevail in the trial of criminal causes.

Next to the certainty of punishment, the enforcement of wise and impartial rules in trials of all cases, will be found to be the most effective means for the repression of crime.

Our conclusion is that the accused in this case has not had a fair and impartial trial.

It is therefore ordered that the verdict of the jury be set aside; that the sentence of the court be annulled and avoided, and that the case be remanded to the district court for further proceedings according to law.