(55 South. 415.)

No. 18,784.

STATE v. THOMAS.

(May 22, 1911.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§§ 636, 660*)—TRIAL—PRESENCE OF ACCUSED.

Not only must the defendant be present at every stage of his trial for a felony, but the record must show his presence or disclose facts that will authorize the presumption that he was present; and a conviction in such case is vitiated when it appears, affirmatively, that the defendant was absent from the court whilst a person, called as a juror, was being examined on his voir dire, and when he was challenged peremptorily by his (defendant's) counsel. Nor does it affect the question that defendant failed, at the time, to object and except, since "That which the law makes essential, in the deprivation of life and liberty, cannot be dispensed with or affected by the consent of the accused; much less, by his mere failure, when on trial and in custody, to object to unauthorized methods."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1465–1482; Dec. Dig. §§ 636, 660.*]

2. CRIMINAL LAW (§ 1122*)—REFUSAL OF INSTRUCTIONS—REVIEW.

Whether a particular charge, apparently sound, as an abstract proposition, should be given in a particular case, depends upon the testimony adduced, and, without that testimony, this court is in no position to reverse the ruling of the trial court in refusing to give the charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2942; Dec. Dig. § 1122.*]

3. CRIMINAL LAW (§ 951*)—APPEAL—CONVICTION OF FELONY—MOTION FOR NEW TRIAL.

Three days is not an unreasonable delay for the preparation and filing of a motion for new trial, upon a conviction of felony, and, where the mover is ready with his witnesses, they should be heard.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 951.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Thos. M. Burns, Judge.

Alcus Thomas was convicted of manslaughter, and he appeals. Reversed and remanded.

Prentiss B. Carter, Herman E. Gayer, and R. C. & S. Reed, for appellant. Walter Guion, Atty. Gen., and Lewis L. Morgan, Dist. Atty. (Delos R. Johnson and G. A. Gondran, of counsel), for the State.

MONROE, J. Defendant, having been prosecuted for murder and convicted of manslaughter, presents his case to this court on two bills of exception; one of which was taken to the refusal of the district court to grant a new trial, and contains, substantially, the following recitals, to wit, that on Tuesday, March 28th, the jury returned a verdict of manslaughter; that on Friday following, during the morning hour (which is devoted, as we understand, to the filing of motions and the hearing of the same and of exceptions), and before sentence, defendant, through his

counsel, presented a motion for new trial, which, though duly filed, was not acted on by the court; that, later in the day, defendant was brought into court to receive sentence, whereupon his counsel called the attention of the court to· said pending motion, and informed the court that he desired to introduce the testimony of witnesses, then in attendance, in support of the same; that the court refused to hear the witnesses, and stated that counsel had not shown proper diligence in preparing said motion; that counsel reminded and informed the court that they had been professionally engaged in other duties from the moment of the conviction, and had been unable to prepare said motion until Thursday afternoon, when it had been prepared, and thereafter filed, as stated, on Friday morning; that the court, however, declined to hear testimony in support of the allegations therein contained, and overruled said motion. The allegations, referred to, are, in effect, (1) that, after the verdict, it came to the knowledge of mover that, during the trial and while the court was in recess, one of the jurors (whose name is given), while the jury was passing into and out of the courthouse, was seen to speak to, and shake hands with, and converse with, at least one person, whose name is unknown to mover; (2) that the court refused to give a certain special charge; (3) that, after the recess, on the first day of the trial, the jury having been partially impaneled, A. J. Pierce was called and sworn, on his voir dire, and was challenged, peremptorily, by defendant's counsel, after which, John Miles was called and similarly sworn, at which time, the district attorney called the attention of the judge to the fact that defendant was not present in court, whereupon the judge directed the sheriff to bring defendant in, which was done, and that defendant was fined for being absent; that defendant was absent because he was not aware that the court had

been reconvened, and that such absence, during the examination of said juror Pierce, was prejudicial to his rights, all of his peremptory challenges having been, subsequently, exhausted, and, at least, one juror having been, thereafter, accepted, of necessity.

The statement which the judge makes, in signing the bill in question, is as follows:

"I do not deem it necessary to sign this bill, but do so not admitting anything of the facts therein set up by signing same. There was no bill of exception taken at the time of these various errors he sets up in his motion for new trial. There is no injustice shown to have been done the accused, which is essential to be shown. This party was convicted on Tuesday; counsel for defendant waits until Friday to file the motion, and does not call same until in the evening, when the accused was called for sentence, immediately before the adjournment of the court for the term. The motion came rather late, and I do not deem any merits whatever in the same, which, in my opinion, is trumped up for the sole purpose of hampering the administration of the laws. The evidence in the case showed a case of murder, as charged. The jury was very merciful. If all mover sets up were true, there is no injury shown. I affix my signature with the above remarks."

[1] Not only must the accused be present at every stage of the trial for a felony, from the moment of his arraignment to his sentence, but the record must show his presence, or disclose facts that will authorize the presumption that he was present.

"In a trial for a felony, the minutes of court must contain the express statement of the presence of the prisoner at every important step of the proceedings; and the swearing and the impaneling of the jury is an important part of the trial. State v. Prater, Man. Unrep. Cas. 307; Whart. Cr. Pl. p. 1, No. 545." Knobloch's Cr. Dig. pp. 394 et seq.

In the instant case, we find in the minutes of the court of Monday, March 27th, the following entry:

"State vs. Alcus Thomas. * * *
"Court adjourned 'til 1:30 p. m.
"Court convened pursuant to adjournment.
"This case having been on trial in the forenoon, is taken up and proceeded with, and it appearing that the accused was not in the courtroom, the court ordered that the defendant be produced in open court.
"The accused in this case being now present in open court, it is ordered that a fine of $2.00 be entered against deft., Alcus Thomas, for

failure to be in court. * * * The accused in this case being present in court, attended by counsel of record, the case is taken up and proceeded with, when the following additional jurors were secured, to wit: * * * "

Considering the entry thus quoted in connection with the fact that the trial judge, whilst not admitting, does not deny, the truth of the allegation on that subject, contained in defendant's bill of exception, we take it to be a fact that defendant was not present in court whilst a juror, who was called in the case, was being examined on his voir dire, and when he was peremptorily challenged by his (defendant's) counsel, and we are of opinion that the conviction was thereby vitiated.

The failure of the defendant to except at the time, does not affect the question, since:

"That which the law makes essential, in the deprivation of life and liberty, cannot be dispensed with, or affected by, the consent of the accused; much less by his mere failure, when on trial and in custody, to object to unauthorized methods." Hopt v. People of Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 265.

[2, 3] As to the other points presented, we are of opinion that the requested charge:

"That if, from the evidence, the jury find that the accused was peaceably going on his way home, and that the deceased advanced on him and grabbed his gun, and that the gun was accidentally discharged, then the killing was accidental and the defendant should 'be acquitted' "—

as an abstract proposition, is sound, but, whether it should have been given in this case depends upon the testimony adduced, in the absence of which we are in no position to reverse the ruling of the trial judge in refusing to give it. The delay, between Tuesday and Friday morning, for the preparation of the motion for new trial, was not unreasonable, and defendant was entitled to a hearing of his witnesses in support of the facts alleged in the motion.

For the reasons assigned, the verdict and sentence appealed from are set aside, and the case is remanded to be further proceeded with according to law.