(111 So. 483)

No. 28369.

## STATE v. SCOTT.

(Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟋687(2)—**Trial judge's discretion to reopen case for additional evidence ceases after argument has begun.**

   It is within trial judge's sound discretion, until beginning of argument, to reopen case for additional evidence, but such discretion ceases after argument has begun.

2. **Criminal law** ⟋844(1), 1043(2)—**Error in particular statement in charge, objected to as whole, without specific objections on court's request, was not presented below or on appeal.**

   Where defendant, objecting to charge as whole, failed to point out or particularize specific objections when requested by court, issue whether particular statement in charge was erroneous as indirect comment on facts was not presented in manner to be acted on by court below or Supreme Court.

Appeal from Fourteenth Judicial District Court, Parish of Allen; Thos. F. Porter, Jr., Judge.

Charlie Scott was convicted of manslaughter, and he appeals. Affirmed.

James A. Williams, of Lake Charles, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and John J. Robira, Dist. Atty., of Lake Charles, and S. H. Jones, Asst. Atty. Gen., for the State.

ROGERS, J. Defendant was indicted for murder, was found guilty of manslaughter, and has appealed.

The record shows that one Dave Harrison, who was carrying a Winchester rifle, was approached by the defendant and his brothers and attacked by them; that Harrison, at the time, was bothering no one; and that defendant and his brothers were at fault in starting the trouble. The evidence adduced on behalf of the prosecution showed that the defendant, with a pistol, which was offered in evidence, shot the deceased, a mere peacemaker, who was trying to stop the difficulty between Harrison and the Scotts. The defense was that Harrison fired his rifle at the mother of the defendant, and that it was this rifle shot which struck and killed the deceased. There was no question of self-defense raised in the case.

[1] After the taking of evidence had been concluded and the state had opened the argument and defendant had replied thereto, counsel for the defendant moved, in writing, that the case be reopened for the introduction of additional testimony to corroborate the testimony offered in behalf of defendant to the effect that the pistol in question was owned by the deceased and not by the defendant, that defendant picked it up after the fight and carried it to his house, and to rebut the circumstance that it was found in his trunk upon search of his house by the law officers of the state. (It appears that the pistol, with two cartridges discharged, was found in defendant's trunk by a deputy sheriff who searched defendant's house after the shooting.)

The state objected to reopening the case, and, after argument was had upon the motion, it was refused by the district judge for the reason, mainly, that after argument has begun, the trial court has no right, over the objection of the state, to reopen the case at the request of the defendant. There was no error in the ruling.

Under our jurisprudence it is within the sound discretion of the trial judge up to the beginning of the argument to reopen the case to receive additional evidence. After argument has begun, however, that discretion ceases. The leading case on the subject is State v. Paul, 39 La. Ann. 329, 1 So. 666. There the state was permitted to reopen the case after argument and after the court had partially charged the jury. On appeal, this

was held to be error. We quote liberally from the opinion as being appropriate to the case in hand, viz.:

"If it is within the legal discretion of the judge to reopen the case at that stage of the trial, it is difficult to conceive at what point that same discretion could not be invoked to justify the introduction of new or additional evidence.

"Under such a practice, when could any trial be considered to be at an end? And yet it stands to reason as well as in law that there must be an end to the examination of witnesses in all trials.

"One of the latest expressions on the subject emanating from this court is to the effect that: 'The rules of practice have wisely provided that when the evidence has been closed, the examination of witnesses is at an end. A different rule would have protracted trials beyond reason, and would have practically resulted in a denial of justice.' State v. Chandler, 36 La. Ann. 177.

"We are aware that jurisprudence has recognized some exceptions to the general rule, and that the exercise of a sound discretion by the trial judge to the extent of admitting evidence immediately after the case has been closed has been justified on appeal in this state as well as in other appellate courts [citing authorities]. But instances of the kind cannot and should not be numerous.

"In the case of Colbert, 29 La. Ann. 715, the court very guardedly restricted the exercise of the right to reopen the case after the evidence had been closed, to that stage of the trial *before the argument began*, these words being italicized in the opinion, thus clearly indicating a different ruling if the attempt to reopen the case had been made at a more advanced stage of the trial, particularly as was the case here, when the case had been practically ended."

The purport of the decision in State v. Colbert, referred to in the opinion of the cited case, is, clearly, that it is within the sound discretion of the trial judge to permit further evidence after the announcement that the case is closed, provided it is done before argument is begun. The reason for the rule is set forth in the excerpt from State v. Chandler incorporated in the opinion of the court in State v. Paul, supra. It is easy to understand that if the rule were otherwise the parties litigant would be constantly importuning the court to reopen cases in order to permit the introduction of evidence on points brought out in the arguments, resulting in endless confusion and practically destroying the orderly trial of lawsuits.

In State v. Rose, 33 La. Ann. 933, the court expressed the opinion that State v. Coleman, 27 La. Ann. 694, and State v. Colbert, referred to, supra, established our jurisprudence on this question.

In our search of the decisions of this court, we have found no case, and we have been referred to none, which enunciates a doctrine contrary to the one enunciated by the cases to which we have referred.

[2] Defendant also complains that a particular statement in the charge of the trial judge was erroneous as being indirect comment upon the facts of the case. The record shows that defendant's objection was leveled at the charge "as a whole," and that upon being made he was requested by the court to point out or to particularize his specific objections, which he failed to do. Since no special error in the charge was pointed out by the defendant, the issue was not presented in a manner to be acted upon by either the court below or by this court. State v. Murphy, 154 La. 191, 97 So. 397. See, also, State v. Anderson, 120 La. 331, 45 So. 267; State v. Holbrook, 153 La. 1025, 97 So. 27.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., concurs in the decree on the ground that the refusal to reopen the case was largely a matter within the judge's discretion.