McCALEB, Justice.
 

 The defendant was charged, tried and convicted of manslaughter. From the judgment of conviction, he has prosecuted this appeal relying upon ten bills of exceptions for a reversal.
 

 Bill No. 1;
 

 The defendant was charged, in a bill of information, with unlawfully killing and slaying one Claude Lawson in the Parish of Ascension on December 26, 1940. This charge fully meets the requirements of Articles 235 and 248 of the Code of Criminal Procedure. Defendant nevertheless moved for a bill of particulars setting forth that he was entitled to be informed of the manner, place, circumstances and instrument with which and by which the deceased was alleged to have been slain. This motion was denied and a bill of exceptions reserved..
 

 The granting or refusing of a bill of particulars is a matter which - addresses itself to the sound discretion of the tria'l judge. Articles 235 and 288, Code of Criminal Procedure. We cannot see that the Judge has abused his discretion by refusing the defendant’s request in this case. Where the nature of the crime is such that it could only be committed in one place and by one act, which creates a status making the corpus delicti easy of proof, the uniform trend of opinion is that it is wholly sufficient to charge the accused in the language of the statute and that he needs no information to put him on his guard in the preparation of his defense. Cf. State v. Larocca, 156 La. 567, 100 So. 720.
 

 Bill No. 2.
 

 When the case was called for trial in the Court below, counsel for the defendant moved for a continuance on the ground that two witnesses residing in the City of New Orleans, who had been subpoenaefl by him, were not present. The Court denied the motion on the ground that the defendant had not been diligent in securing the attendance of these witnesses and, further, that the District Attorney had admitted that these witnesses (who were character witnesses) would, if present, testify that the character of the accused was good.
 

 Complaint is made that the declaration of the judge in the presence of the jury panel that the defendant hád not been diligent in securing the attendance of his witnesses had a tendency to prejudice his defense and prevented him from getting a fair and impartial trial.
 

 We find no substance in this bill. The record reveals that the defendant was not diligent in subpoenaing the witnesses who lived in New Orleans insufficient time before the trial. Hence, the remarks of the trial Judge were not improper. Furthermore, if we should assume otherwise, it has not been shown that the jury was influenced by the statement of the Judge or that it had
 
 *453
 
 any effect whatever on the verdict. This Court will not set aside a verdict because of improper remarks by the Judge or the District Attorney unless it is thoroughly convinced that the jury was influenced by such remarks and that they contributed to the verdict. Article 557, Code of Criminal Procedure. State v. Duck, 35 La.Ann. 764; State v. Johnson, 48 La.Ann. 87, 19 So. 213.
 

 Bill No. 3.
 

 This bill was reserved to the Court’s refusal to sustain an objection to the evidence of the Parish Coroner who testified that the deceased was shot on December 26, 1940, and died as a result of his wounds on January 1st, 1941. It is said that, since the information charges the date of the killing to be December 26, 1940, this evidence constituted a material variance between the charge and the proof.
 

 It is well established that, in offenses such as murder, where time is not of the essence of the crime, the State is not restricted in its evidence to the date set out in its indictment but is at liberty to show that the offense was committed at any time prior to the filing of the indictment. See State v. Barnhart, 143 La. 596, 78 So. 975, and cases there cited.
 

 Counsel for the defendant, however, maintains that this jurisprudence applies in murder cases only and that a different doctrine should obtain with respect to the crime of manslaughter. He suggests that the only reason why a variance between allegation and proof is permissible in murder cases is because that crime is not prescriptible and that, therefore, since the one year prescription applies to the crime of manslaughter, the State should not be allowed to prove the death occurred upon a date other than that which is alleged in the indictment.
 

 We find no merit in this contention. The crimes 'of murder and manslaughter are similar in their nature. They both relate to unlawful homicide. The only difference between them is that murder is perpetrated with malice aforethought, whereas, in manslaughter, malice is not a necessary element of the crime. The fact that manslaughter is prescriptible has nothing to do with the essence of the offense.
 

 Bills Nos. 4 and 6.
 

 These bills may be considered together. They were reserved to the overruling by the Court of objections made by the accused to the admissibility of the testimony of two State witnesses, Mike Milano and Charles Trapagni. These witnesses, who were placed on the stand in rebuttal after the accused had closed his case, were permitted to testify that the accused had made certain admissions to" them with respect to the ownership of the pistol which was used in the killing.
 

 It appears from the record that the defendant had taken the witness stand in his own behalf and had denied the ownership of the offending weapon. He further testified that, prior to the shooting, there was a scuffle between a number of persons in the barroom where the killing took place; that, during this scuffle, a gun had dropped to the floor and that he had grabbed this gun and shot twice in order to protect his life. The State, in its rebuttal evidence, produced the
 
 *454
 
 witnesses Milano and Trapagni who testified that the accused stated to them that he had been knocked down twice in the scuffle and that he came up shooting with a gun which he had taken from his vest pocket.
 

 The District Judge states, in his per curiam, that this evidence was tendered for the sole purpose of refuting the statement made by the accused while he was on the stand. We think that this ruling was correct. The testimony was properly received in rebuttal of the defendant’s evidence. It was not tendered for the purpose, as contended for by counsel, of impeaching the credibility of defendant or to show that he had confessed his guilt.
 

 Bill No. 5.
 

 This bill, which is somewhat similar to Bills Nos. 4 and 6 was reserved to the Judge’s ruling in permitting one Eva Boudreaux, a State witness who had testified in the beginning of the trial, to retake the stand and repeat part of her evidence presumably as a rebuttal witness.
 

 The record shows that, in the presentation of the State’s direct evidence, this witness had testified that, although she was not an eyewitness to the shooting, she saw the defendant immediately afterward with a gun in his hand; that, when she saw him, she said “You have shot Claude” and that the defendant dropped the gun to the floor. The Court, over objection, permitted this witness to repeat this statement in rebuttal being of the opinion that it was offered to disprove the testimony of the defendant that he did not own the gun; that it had dropped to the floor during the fight and that he had grabbed it and fired the shots in defense of his life.
 

 While we do not agree with the Judge that this was rebuttal testimony, since the statement of Eva Boudreaux cannot be considered as refuting the evidence of the defendant with respect to the ownership of the gun, we cannot discern that the error in admitting it was prejudicial to the defendant. Article 557 of the Code of Criminal Procedure provides, in substance, that errors committed during the trial of a criminal case with respect to the improper admission or rejection of evidence shall not be ground for a reversal unless, after an examination of the entire record, “it appears that the error complained of has probably resulted in a miscarriage of justice” or is prejudicial to the substantial rights of the accused. The error in permitting Eva Boudreaux to restate her testimony was, we think inconsequential and harmless.
 

 Bill No. 7.
 

 This bill was reserved to the remarks of the District Attorney during his argument to the jury. In his closing argument, the District Attorney stated that “If the deceased Claude Lawson had not died from the effects of the wound, then the accused would ' have produced the whole Charity Hospital to show otherwise.” This statement was not improper becáuse it was made in answer to the argument of counsel for the accused that no crime had been committed and that the jury should disregard the testimony of Dr. Brumfield, the Coroner, and acquit the accused.
 

 
 *455
 
 Bill No. 8.
 

 This bill was likewise reserved to certain remarks made by the District Attorney during the course of his argument to the jury. It appears from the per curiam of the Judge that the District Attorney stated that a defendant’s good character, when a crime had been proved against him, meant nothing and that a defendant could have had the highest sort of character and yet commit a most heinous offense. When this remark was made, the attorney for the defendant objected and the Court told the jury that while his written charge contained nothing about character evidence, he would give a special charge instructing them as to the effect of this type of proof. In accordance with his statement, the Judge, in his instructions, properly charged the jury as to character evidence.
 

 The bill is not well founded. In the first place, we cannot view the statement of the District Attorney as objectionable. Moreover, the Judge charged the jury fully with respect to the weight to be attached to character evidence. The case of State v. Frazier, 165 La. 758, 116 So. 176, relied upon by defendant is not apposite for the reason that, there, the questions propounded by the District Attorney to the defendant were conceded to be improper, and the Judge, while sustaining the defendant’s objection, refused to instruct the jury to disregard the questions.
 

 Bills Nos. 9 and 10.
 

 These bills may be considered together. They were taken to the Court’s refusal to sustain the accused’s motion for a new trial and a motion in arrest of judgment. The alleged errors presented by these motions are identical and are based on four grounds:
 

 1. Permitting Charles Trapagni, a witness for the State, to enter the jury room.
 

 2. Permitting a newsboy to hand a newspaper to a juror.
 

 3. Removing the jury to the jail for the purpose of receiving demonstrative evidence without the accused being present.
 

 4. Depriving the accused of the right to have members of his own race (negroes) sit upon the petit jury.
 

 The first ground for the motions, that Charles Trapagni, a deputy sheriff, was permitted to enter the jury room after he had testified, is not tenable. No objection was made by the accused and, in the absence of an objection and the reservation of a bill of exceptions, the alleged error cannot be considered by us either upon a motion in arrest of judgment or on a motion for a new trial. See State v. Oteri, 128 La. 939, 55 So. 582, Ann.Cas.1912C, 878; and State v. Bullock, 136 La. 167, 66 So. 767.
 

 The second ground, that a newsboy handed a newspaper to one of the members of the jury during the trial, is likewise not well founded. It does not appear that the Court’s attention was directed to the act of the newsboy by objection or otherwise and, in the absence of an objection and an exception, the matter will not be considered on appeal.
 

 The third ground for the motions is that, during the course of the trial,
 
 *456
 
 the jury was removed from the courtroom to the jail in order that they might hear the ringing of a bell attached to the jail house. It is maintained by defense counsel that, at the time this was done, the accused was not taken with the jury to the jail house and that he was, therefore, deprived of his right to be present at all important stages of the proceeding and to be confronted with the witnesses testifying against him.
 

 This alleged error falls within the same category of the first and second grounds of the motions which are discussed above. No objection was made by the accused or his attorney at the time the jury was taken from the courtroom and there is nothing in the record to indicate that the accused did not accompany the jury or that he was deprived of his right to be present at the time the demonstration was made. The right of an accused to be confronted with the witnesses against him and to be present at every important stage of the trial is one which can be waived either by the accused himself or by his counsel in his presence. See State v. Hutchinson, 163 La. 146, 111 So. 656, and State v. McNeil, 33 La.Ann. 1332. And his failure to make timely objection and to reserve a bill in case of an adverse ruling will be considered as a waiver in cases where the minutes of the Court do not show that the accused was absent during any important stage of the proceeding. See State v. Moore, 119 La. 564, 44 So. 299, and State v. Frazier, supra. Compare State v. Thomas, 128 La. 813, 55 So. 415, and State v. Pepper, 189 La. 795, 180 So. 640.
 

 Article 510 of the Code of Criminal Procedure provides:
 

 “To avail as ground for a new trial, any irregularity in the proceedings, not patent on the face of the record, must be objected to at the time of its occurrence and a bill of exceptions be reserved to the adverse ruling of the court upon such objection. Failure to reserve a bill at the time of the ruling operates as a waiver of the objection and as an acquiescence in the ruling.”
 

 In the instant matter, if the -accused -was absent at the time the evidence complained of was taken, it does not appear on the face of the record, since the minutes of the Court disclose that he was present at the trial of the case. And, while it is true (See State v. Christian, 30 La. Ann. 367; State v. Ford, 30 La.Ann. 311; State v. Calvert, 32 La.Ann. 224; State v. Davenport, 33 La.Ann. 231; State v. Thomas, supra; State v. Futrell, 159 La. 1093, 106 So. 651; State v. Pepper, supra, and State v. McLeod, 199 La. 372, 6 So.2d 146, this day decided) that it is necessary that the minutes of the Court show that the accused was present at every important stage of the trial from the moment of his arraignment to his sentence and that the failure of the minutes to so disclose may be raised either by motion for new trial or on appeal, it follows that errors which are not patent on the face of the record or which are not brought to the Court’s attention by way of objection and bill of exceptions may not be considered.
 

 The last ground for the motions, that there were no negroes on the petit jury, discloses no merit whatever. The
 
 *457
 
 record reveals that there were negroes on the petit jury panel and the mere fact that none of them was selected to serve in the case does not violate the constitutional guarantees respecting due process and the equal protection of the law.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 On Rehearing.
 

 A rehearing was granted in this matter because we entertained doubt as to the correctness of our ruling on Bills of Exceptions Nos. 4 and 6. These bills, which may be considered together, were reserved to the action of the trial judge in overruling objections made by the, accused to the admissibility of certain testimony given in rebuttal by two State witnesses, Mike Milano and Charles Trapagni.
 

 The record discloses that the defendant, in testifying in his own behalf, had denied ownership of the gun which was used in the killing. He further stated that, prior to the shooting, there was a scuffle between a number of persons in the barroom where the killing took place; that, during this scuffle, a gun had dropped to the floor and that he had grabbed this gun and shot twice in order to protect his life.
 

 After the defendant had closed his case, the State, in its rebuttal evidence, produced the witnesses, Milano and Trapagni. The prosecuting attorney was .permitted, over the defendant’s objection, to elicit testimony from these witnesses to the effect that the defendant had admitted to them, at a time subsequent to the shooting, that he had been knocked down twice in the scuffle and that he came up shooting with a gun which he had taken from his vest pocket.
 

 The main ground for the accused’s objection is that the testimony was not rebuttal evidence; that it was sought to be admitted for the sole purpose of impeaching the credibility of the defendant as a witness and that it was, therefore, objectionable because the proper foundation had not been laid for its reception as required by Article 493 of the Code of Criminal Procedure.
 

 The Judge overruled the objection and admitted the evidence on the ground that it was tendered for the sole purpose of refuting the statement made by the accused while he was on the stand and was therefore, rebuttal evidence. We are now convinced that the Judge’s ruling was incorrect. While it is true that impeaching evidence is receivable in rebuttal, it is not admissible unless the proper foundation has been laid. The statements of Milano and Trapagni were elicited for the sole purpose of affecting the credibility of the accused as a witness by discrediting his testimony that he did not own the pistol which was used in .the killing. Any testimony with respect to facts contradictory of the accused’s statement would have been properly received in rebuttal, but, before any evidence tending to show that the accused had made admissions divergent to his state-:
 
 *458
 
 ment on the stand could be admitted, he was entitled, under Article 493 of the Code of Criminal Procedure, to be first asked whether he had made sueh a ■ statement and to have his attention directed to the time, place and circumstances and to the person to whom the alleged statement was made in order that he might have an opportunity of denying or explaining the impeaching declaration.
 

 For the reasons assigned, the verdict and sentence are set aside and the case is remanded for a new trial. The right of the State to apply for a rehearing is reserved.
 

 O’NIELL, C. J., concurs and hands down an opinion.