McCALEB, Justice.
 

 Mrs. Lucille McLeod was charged in the Juvenile Court for the Parish of Caddo with having contributed to the delinquency of a female juvenile by aiding and abetting her in the practice of prostitution. The defendant was tried, found guilty and sentenced to pay a fine of $200 and serve one year in the Parish Jail. She has appealed from the conviction and sentence and, for reversal, relies upon three special assignments of error.
 

 It appears from the record that, at the time the defendant was charged with the offense, the parish authorities had arrested and were holding in custody three material witnesses for the prosecution, one of whom was the minor to whose delinquency the defendant was charged with having contributed. These witnesses, being unable to make bail, applied to the judge of the Juvenile Court to have their testimony taken by deposition in conformity with the provisions of Article 158 of the Code of Criminal Procedure. Upon their request, the judge issued an order for their testimony to be taken before him in writing on May 2, 1941; that the District Attorney be notified to be present on that day and that the Sheriff of Caddo Parish produce the defendant in open court to be confronted with the witnesses.
 

 On the day fixed for the hearing of these witnesses, the District Attorney and counsel for the defendant agreed that the requirement of law with respect to the signing of the depositions by the witnesses be waived. After the depositions had been taken and the testimony reduced to writing, the case was called for trial. When the State sought to introduce the depositions in evidence, counsel for defendant objected to their admission on two separate grounds which are not of importance here. These objections were overruled and bills of exceptions reserved.
 

 After the appeal had been taken, the defendant discharged the counsel who had represented her at the trial of the case and employed her present attorney. The latter does not, in this court, press the bills of exceptions reserved at the trial respecting the introduction of the depositions in evidence, but he maintains that there are three errors patent on the face of the record, which require a reversal of the conviction.
 

 The first assignment of error is that the record does not show that the defendant was present at the time the depositions of the three material witnesses were taken and that, in the absence of such showing, the conviction should be set aside and the case remanded for a new trial.
 

 It is the well-settled jurisprudence of this State that the minutes of the- court must show that the accused was present at every important stage of the trial from the
 
 *189
 
 moment of his arraignment to his sentence. See State v. Christian, 30 La.Ann. 367; State v. Ford, 30 La.Ann. 311; State v. Calvert, 32 La.Ann. 224; State v. Davenport, 33 La.Ann. 231; State v. Thomas, 128 La. 813, 55 So. 415; State v. Futrell, 159 La. 1093, 106 So. 651, and State v. Pepper, 189 La. 795, 180 So. 640. These authorities, however, are not apposite here for the reason that the depositions were taken long before the trial was had and the minute entries show that the accused was present at the trial when they were offered in evidence. Of course, it cannot be doubted that the defendant had the constitutional right to be confronted with the witnesses against her and that she was entitled to be present at the time the depositions were taken. But there is nothing to show that she was absent at that time and, when the depositions were offered in evidence, she did not object to their admissibility on the ground that she was not present when they were taken. In fact, she does not even contend in this court that she was not confronted with the deposing witnesses. Her sole complaint is that the depositions do not exhibit on their face that she was present at the time they were taken and that, for this reason alone, her conviction should be set aside.
 

 This proposition cannot be maintained. The fact that the depositions themselves do not clearly indicate the presence of the accused does not justify á holding that she was absent when the testimony was given. The admissibility of the depositions could have been challenged on that score at the time they were offered in evidence. Since no objection was made to their admissibility on that ground, we cannot assume that the accused was not confronted with the deponents. The point now raised by the defendant is not sustained by the authorities which hold that the minutes must affirmatively show the presence of the accused at all important stages of the proceeding — for depositions taken prior to a trial are not entered on the minutes of the court.
 

 Moreover, it should be borne in mind that the accused has at no time claimed that she was not present when the depositions were taken. Her counsel in this court did not represent her below and he states that he is without knowledge of the proceedings in the trial court. On the other hand, counsel for the State assure us that the accused was present at the time the deponents testified. To remand the case, under these circumstances, would be to permit the defendant to take advantage of a situation which is not shown to have any basis in fact and which was obviously brought about by a change of counsel in the case. Error in a criminal case must be substantial and prejudicial in order to afford ground for a reversal and, while the accused is entitled to be protected against an invasion of the rights guaranteed to him by the Constitution, these rights may not be employed, on a pretext, as a shield to thwart the processes of justice. Article 557, Code of Criminal Procedure.
 

 The second assignment of error is that, in view of the provisions of Article 158 of the Code of Criminal Procedure requiring that depositions intended for use in criminal
 
 *190
 
 trials shall be sworn to and signed by the witnesses, the stipulation entered into by counsel for the prosecution and the former counsel for defendant waiving the signatures of the material witnesses to their depositions was detrimental to the defendant and constitutes a valid ground for reversal.
 

 We are unable to discern merit in this point. The provision of Article 158 that the depositions shall be signed by the witnesses was obviously inserted therein for the benefit of the State and of the accused for the purpose of avoiding the possibility that the deponents might later take the witness stand at the trial and deny the verity of their testimony. We cannot conceive of any valid reason why this requirement may not be waived with the consent of both parties. At all events, it is not shown that the waiver of this formality by counsel for the accused in this case redounded to her detriment.
 

 Apart from this, even if we were to assume that the requirement of Article 158 respecting the signatures of witnesses to depositions may not be waived in advance of the trial and that, if they are waived, the waiver is not binding on the accused, the defendant’s failure to object to the introduction of the deposition in evidence on the ground that the formality was not complied with, precludes us from considering the contention. The complaint made by the defendant does not relate to an error patent on the face of the record. On the contrary, it refers exclusively to the admissibility of evidence which cannot be brought to our attention by an assignment of error.
 

 The third assignment of error is that the record does not show that a proper foundation was laid for the admission of the depositions in evidence. This contention is based upon the provisions of Article 159 of the Code of Criminal Procedure which declares in part that:
 

 ■ “The testimony taken as provided for in the last preceding article *' * * shall * * * be admissible before the grand jury as well as on the trial of the accused * * * but shall not be admissible when the presence of the witness can be procured by subpoena; * *
 

 It is maintained that the State has failed to show that it could not have obtained the presence of the witnesses, who testified by deposition, at the trial of the case and counsel has annexed to this specification of error affidavits of two of these witnesses in which they state that they were available to give testimony in open court at the time the case was tried.
 

 The answer to this proposition is that it does not appear from the record that any objection was made to the admissibility of the depositions on this ground and, in the absence of evidence showing what transpired at the time the depositions were offered, we are unable to say that the proper foundation for the admissibility of the depositions was not laid. The complaint is, therefore, not sustained by the record in the case.
 

 The affidavits of the witnesses filed in this court cannot be substituted for a bill of exceptions and, therefore, will not be considered.
 

 
 *191
 
 For the reasons assigned, the conviction and sentence are affirmed.
 

 FOURNET, J., concurs.