h CARAWAY, Judge.
Defendants, Leroy Warren and Charles Archibald, were charged by bill of information with illegal storage of hazardous waste in violation of La. R.S. SOálSSÍGXl).[1] When the defendants requested a bill of particulars, the State of Louisiana failed to respond with more specific and detailed information of the offense, and the trial court dismissed the prosecution. The state appeals seeking a reversal of the dismissal. Finding no abuse of discretion by the trial court, we affirm.

Facts

On August 25,1994, the State of Louisiana charged defendants by bill of information, which reads as follows:
Richard P. Ieyoub, Attorney General for the State of Louisiana, charges that Leroy Ford Warren and Charles Jasper Archibald on or about the 30th day of August, 1990, through on or about the 30th day of November, 1990, committed the offense of illegal storage of hazardous waste, violating Louisiana Revised Statutes 30:2183(G)(1), in that they willfully and knowingly stored hazardous waste at or near the Richland Oil Salvage, Inc. facility in Richland Parish without interim status or a permit for such storage contrary to the law of the State of Louisiana and against the peace and dignity of the same.
Defendants subsequently moved for a bill of particulars seeking answers to twenty-four inquiries. Specifically, defendants sought the identification of the alleged hazardous waste involved in the crime and the manner in which the hazardous waste was illegally stored. The state responded that no further details of the offense were necessary, but did choose to refer defendants to the state’s answers of certain discovery requests made by defendants. Thus, specific |2information regarding the identity of the hazardous waste and the details of the illegal storage was not provided.
Defense counsel objected to the state’s failure to provide a bill of particulars at a hearing held on January 11,1995. Defense counsel argued to the court the lack of specificity of the bill of information and the broad language of the criminal statute. The trial court responded to the arguments over the sufficiency of the indictment by directing the state to further answer with a bill of particu *1299 lars. Yet, no bill of particulars was ever filed.
As months passed, the court minutes reflect that two pretrial conferences were scheduled and conducted. The last pretrial conference of July 10, 1996, five days before the scheduled trial date, was itself continued until September 25, 1996 without any re-fixing of a trial date. At the September 25, 1996 hearing, the record reflects. that the issue of the sufficiency of the original bill of information was again the sole focus of the hearing. The local assistant district attorney, Ms. Doueiere, who was present with a representative of the state Attorney General’s office, acknowledged on the record that a prior order of the court had prompted the September 25th hearing to allow once again the state to either answer with a bill of particulars or to attempt at the hearing to show cause why further answers to the defendants’ requests for information was unnecessary.
After the state presented nothing for the trial court’s consideration, the trial court commented that “the state has failed to provide anything I ordered them to do.” The trial court then ordered the charges against both defendants dismissed.
Law
The Louisiana constitution provides' that “[i]n a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” La. Const, art. I, § 13 (1974). This protection is further reflected in the Louisiana | ;;Code of Criminal Procedure which requires the indictment to contain “a plain, concise and definite written statement of the essential facts constituting the offense charged” and to reference the citation of the statute which defendant is alleged to have violated. La.C.Cr.P. art. 464.
In State v. Miller, 319 So.2d 339, 342 (La.1975), the supreme court stated:
... Details relating to the particulars of the offense must be provided in the bill of particulars so that defendant can discover, well in advance of the trial, the specific facts of. the accusation, he must meet. He is entitled to ‘further information, in a proper case, regarding what the State intends to prove, in order that, in fairness, •the accused may more properly defend himself.’ State v. Wright, 254 La. 521, 225 So.2d 201, 203 (1969). If he knows the details of the charge against him, he will avoid being surprised at the trial. State v. Mason, 305 So.2d 523 (La.1974); State v. Wright, supra. He will, moreover, have the basis for a plea of former jeopardy in any subsequent prosecutions. And the court will have a guidé to regulate the admission of evidence at the trial. State v. Clark, 288 So.2d 612 (La.1974); State v. Thomas, 260 La. 784, 257 So.2d 406 (1972).
If the crime is a single event, such as a murder, where there can be no mistake as to the particular act charged against the defendant, then he needs less information, and the scope of the bill of particulars will be less extensive, to put him on guard in the preparation of his defense. State v. Augusta, 199 La. 896, 7 So.2d 177 (1942). However, if the crime is the recurring type that may take place at different times .and in different manners, it is apparent that in order to inform the defendant adequately.of the nature and cause of the crime charged that he be informed of the particular crime for which he is being prosecuted. James A. Hobbs, The Bill of Particulars in Criminal Trials — Judicial Discretion, 12 La.L.Rev. 457 (1952). The extent to which the bill should be granted turns on the complexity of the case. State v. Miller, supra at p. 343.
Where a statute characterizes the offense in general or generic terms, an information charging an offense in the words of the statute is insufficient and the ^specific facts on which the change is based must be set out in the information. State v. Blanchard, 226 La. 1082, 78 So.2d 181 (1955).
The trial court is vested with wide discretion in determining the sufficiency of the state’s answer to bills of particular, and its ruling will not be disturbed unless a clear abuse of that discretion is shown. State v. Ross, 561 So.2d 1004, 1007 (La.App. 4th Cir. 1990), writ denied in part, writ not considered in part, 594 So.2d 885 (La.1992); State v. Harris, 627 So.2d 788 (La.App. 2d Cir.1993).
*1300 The court, on its own motion or on motion of the defendant, may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant. La.C.Cr.P. art. 484. When the district attorney fails to furnish a sufficient bill of particulars after being ordered by the court to do so, the court may, on its own motion, order that the indictment be quashed. La.C.Cr.P. arts. 532(A)(4) and 485.
The requirement that a motion to quash be in writing found in La.C.Cr.P. art. 536 applies to a motion which is filed by a defendant. Although a defendant can file a written motion to quash based on the state’s refusal to supply additional answers to the bill of particulars, a defendant’s failure to do so does not limit the power of the trial court to fashion an appropriate remedy for the state’s refusal to comply with its order.

Discussion

The state argues that the bill of information sufficiently informed the defendants of the nature of the charge against them so that no further details were required in the form of a bill of particulars. Moreover, the state strenuously disputes the procedure employed by the trial court in quashing the bill of information, claiming that the record reflects no notification to the state of the ^deficiency in its bill of particulars and no order to supplement the bill of particulars.
We note initially that no bill of particulars, which would add to the description of the charges in the bill of information, has ever been filed by the state in the matter. The state’s written response to the defendants’ motion added nothing. The large assortment of documents and reports, including a partial transcript of a 1990 hearing before the state Commissioner of Conservation, did not serve the function of a bill of particulars, despite the production of the documents by the state and their incorporation by reference into the state’s written response to the motion for bill of particulars. There was no particularity in the referenced mass of discovery documents which would inform the defendants regarding what the state intends to prove or allow the court to regulate the evidence at trial. See, State v. Linkletter, 286 So.2d 321, 325 (La.1973), where the court stated that “defendants are not required to ferret out of this 70-odd page transcript the simple answer to their questions.”
Considering only the bill of information, with its meager details quoted above, and the statutory description of the crime (see footnote 1 above), we agree that the trial court acted well within its discretion in requiring more particulars concerning the charge against the defendants. The criminal statute at issue first addresses the willful discharge, emission or disposal of any hazardous waste as defined and regulated by the Department of Environmental Quality (“DEQ”) under Chapter 9 of Title 30 of the Revised Statutes; Louisiana’s Hazardous Waste Control Law. Yet, the defendants are charged with a storage violation without an indication in the bill of information of whether the storage relates to a discharge, emission or disposal of the waste or to an unauthorized generation thereof.
| gAlthough storage is not directly addressed in the definition of the crime under Section 2183(G)(1), the statute also contains an omnibus provision proscribing the knowing violation of any other provision of Chapter 9. Nevertheless, no particular permit violation for the storage of hazardous waste is described in the bill of information by identifying the statute or regulation allegedly breached.
Regarding the definition of hazardous waste, Chapter 9 provides the following in Section 2173(2):
(2) “Hazardous waste” means any waste, or combination of wastes, which because of its quantity, concentration, physical, chemical, or infectious characteristics may cause or significantly contribute to an increase in mortality or an increase in serious irreversible or incapacitating reversible illness, or pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, disposed of, or otherwise managed. Such definition shall be applied only to those wastes identified and designated as such by the department, *1301 consistent with applicable federal laws and regulations.
Despite this broad definition for hazardous waste, nowhere in the bill of information or the entire record, including the documentation from the prior hearing before the Commission, is a particular hazardous waste identified.
With various provisions spread across Chapter 9 or contained in the regulations of the DEQ serving as the definitional basis for the crime, the bill of information refers only to Section 2183(G)(1) and does not identify the particular waste out of the generic class of hazardous waste which is the subject matter of the crime. See, State v. Blanchard, supra. Article 464 of the Code of Criminal Procedure' mandates that the indictment shall state the official citation of the statute which the defendant is alleged to have violated. Thus, the defendants in this case, after requesting a bill of particulars, are not required to search Chapter 9 and the regulations of the DEQ in an effort to determine the definition of the crime.
|7In summary, with the complexity of this ease, quite possibly involving the chemical characteristics of the yet-to-be-identified waste or wastes, this bill of information lacks a clear definition of the crime and particulars of the defendants’ actions identifying' what the state intends to prove. In fairness, the defendants are entitled to more information to properly attempt to defend themselves, and the trial court was within its discretion to so rule.
We also disagree with the state’s objection regarding the procedure employed at the trial court which resulted in the quashing of the bill of information. From our review of the initial hearing on the defendants’ motion for bill of particulars in January, 1995, the state’s written response was before the court, the response stated that no particulars would be given, and the trial court directed the state to answer with a bill of particulars. The state’s assertion, that it was never notified of the deficiency in its bill of particulars and ordered to amend, assumes that its written response was a bill of particulars. It clearly was not. Denying the necessity for any further information, the state rested solely on the bill of information quoted above.
With the state having failed to file a bill of particulars following the original hearing, this issue was apparently revisited at a pretrial conference in July, 1995. Though no transcript of that conference was made, a September 25th hearing was set at the conference to finally resolve this matter. The state was given additional time to either file additional details about the nature of the crime or face the trial judge, who had previously asked for more information.
From this history of the proceedings, the state had notice that the trial court had ordered a bill of particulars. When Code of Criminal Procedure Articles 485 and 532(4) are read together, the power of the court to quash the indictment wasjgclearly available to the court on September 25,1996, when the state chose to continue resting on its mistaken view of the sufficiency of the original bill.

Conclusion

The trial court’s dismissal of the prosecution after the state repeatedly failed to provide more specific information as to the nature of this crime demonstrates no substantive or procedural abuse of discretion. Accordingly, the judgment of dismissal is affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before NORRIS, WILLIAMS, STEWART, GASKINS and CARAWAY, JJ.
Rehearing denied.

. La. R.S. 30:2183(G)(1) provides as follows:
Any person who willfully or knowingly discharges, emits, or disposes of any substance in contravention of any provision of this Chapter or any regulations or of any permit or license terms and conditions adopted in pursuance thereof, or any person who otherwise knowingly violates any provision of this Chapter, shall, upon conviction be subject to a fine of not more than one hundred thousand dollars per day of violation and costs of prosecution, or imprisonment at hard labor for not more than ten years, or both.